STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
GALEN A. PHILLIPS (SBN 307644)
*gphillips@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

Attorneys for Defendant:
CODE42 SOFTWARE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JORDAN KISSEL, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>        v.<br><br>CODE42 SOFTWARE, INC., a Delaware corporation; and DOES 1 - 10, inclusive,<br><br>            Defendants. | Case No. 8:15-cv-01936-JLS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CODE42 SOFTWARE, INC. TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:         April 15, 2016<br>Time:        2:30 p.m.<br>Courtroom: 10-A<br>Judge:       Hon. Josephine L. Staton<br><br>Complaint filed:  November 19, 2015<br><br>Filed concurrently with:<br>1. Notice of Motion and Motion;<br>2. Declaration of Steven A. Ellis;<br>3. Declaration of Elizabeth Fortier;<br>4. Request for Judicial Notice; and<br>5. [Proposed] Order |

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

ACTIVE/85074646.2

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ALLEGATIONS ................................... 1

MOTION TO DISMISS STANDARD ..................................................... 3

ARGUMENT ............................................................................... 3

I.   The First Three Causes of Action Should Be Dismissed Because the California Legislature Did Not Include a Private Right of Action in the Automatic Renewal Law. ................................................................ 4

II.  The Fourth Cause of Action Should Be Dismissed Because Plaintiff Lacks Statutory Standing Under the UCL. ...................................... 7

III. The Choice-of-Law Clause in Plaintiff's Contract Requires Dismissal of the Complaint. ................................................................ 9

CONCLUSION ............................................................................ 12

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Federal Cases**

5    *Abat v. Chase Bank USA, N.A.*,
6        738 F. Supp. 2d 1093 (C.D. Cal. 2010)................................................11

7    *Anderson v. Holder*,
        673 F.3d 1089 (9th Cir. 2012) .................................................5
8
     *Ashcroft v. Iqbal*,
9        556 U.S. 662 (2009) ...........................................................3

10   *Bell Atl. Corp. v. Twombly*,
11       550 U.S. 544 (2007) .......................................................3, 8

12   *Branch v. Tunnell*,
         14 F. 3d 449 (9th Cir. 1994)................................................3
13
     *Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*,
14       889 F. Supp. 2d 1198 (E.D. Cal. 2012) ..................................10

15   *Chaker v. Crogan*,
16       428 F.3d 1215 (9th Cir. 2005) ............................................5

17   *Cont'l Airlines, Inc. v. Mundo Travel Corp.*,
18       412 F. Supp. 2d 1059 (E.D. Cal. 2006) ..................................11

19   *Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
20       751 F.3d 990 (9th Cir. 2014)..............................................3

21   *Erickson v. Pardus*,
22       551 U.S. 89 (2007) ...........................................................1

23   *Gustafson v. BAC Home Loans Servicing, LP*,
24       294 F.R.D. 529 (C.D. Cal. 2013)..........................................9

25   *Klaxon Co. v. Stentor Elec. Mfg. Co.*,
26       313 U.S. 487 (1941) .........................................................9

27   *McFarland v. JP Morgan Chase Bank*,
         No. 13-1838, 2014 WL 4119399 (C.D. Cal. 2014)..............8
28

Goodwin Procter LLP<br>601 S Figueroa Street, 41st Floor<br>Los Angeles, California 90017

*Medimatch, Inc. v. Lucent Techs., Inc.*,
  120 F. Supp. 2d 842 (N.D. Cal. 2000)...................................................... 10

*In re Silicon Graphics Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) .................................................................... 3

*South Ferry LP, No. 2 v. Killinger*,
  542 F.3d 776 (9th Cir. 2008) .................................................................... 3

*Wireless Warehouse, Inc. v. Boost Mobile, LLC*,
  No. SACV 09-1436, 2011 WL 92984 (C.D. Cal. Jan. 11, 2011)........................ 11


**California Cases**

*Dunn- Edwards Corp. v. Bay Area Air Quality Mgmt. Dist.*,
  9 Cal. App. 4th 644 (1992) ...................................................................... 5

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ......................................................................... 7, 8

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
  46 Cal.3d 287 (1988) .............................................................................. 4

*Nedlloyd Lines B.V. v. Super. Ct.*,
  3 Cal. 4th 459 (1992)....................................................................... 9, 10, 11

*Vikco Ins. Servs. v. Ohio Indemn. Co.*,
  70 Cal. App. 4th 55 (1999) ...................................................................... 4

*Wash. Mut. Bank v. Super. Ct.*,
  24 Cal. 4th 906 (2001) ...................................................................... 9, 10


**California Statutes**

Bus. & Prof. Code § 17200 *et seq.* .......................................................... 1, 4

Bus. & Prof. Code § 17204........................................................................ 4, 7, 8

Bus. & Prof. Code §§ 17500, *et seq.* ........................................................ 5

Bus. & Prof. Code §§ 17600 ..................................................................... 4, 5, 6

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ACTIVE/85074646.2

iii

Bus. & Prof. Code §§ 17601, *et seq.* ............................................................... 1

Bus. & Prof. Code § 17602 ........................................................................ 5

Bus. & Prof. Code § 17603 ........................................................................ 6

Bus. & Prof. Code § 17604 ........................................................................ 5

**Other State Statutes**

Consumer Fraud Act. Minn. Stat. §§ 325F.68, *et seq.* ............................... 11

**Other Authorities**

Fed. R. Civ. P. 8(a) ................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1, 3

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Code42 Software, Inc. ("Code42" or "Defendant") submits this memorandum in support of its motion to dismiss the First Amended Complaint ("FAC") (Dkt. 17) filed by Plaintiff Jordan Kissel ("Kissel" or "Plaintiff").

Plaintiff purports to allege four causes of action in her FAC, but none states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Specifically:

1.     Plaintiff's first three counts are based upon a state statute, California Business & Professions Code sections 17601, *et seq.* (the "Automatic Renewal Law" or "ARL"), that does not create a private right of action;

2.     Plaintiff's fourth count, based upon California Business & Professions Code sections 17200, *et seq.* (the "Unfair Competition Law" or "UCL"), requires Plaintiff to plead (and ultimately prove) that she has lost "money or property" *as a result of* the UCL violation, but Plaintiff makes no such allegation in her FAC; and

3.     All of Plaintiff's claims are brought under California law, but Plaintiff agreed to a contract that expressly states that Minnesota law, not California law, applies to this dispute.

## INTRODUCTION AND SUMMARY OF ALLEGATIONS

Code42 is an industry leader in providing cutting-edge computer endpoint data protection and security services to business, families, and individuals. The services that Code42 provides allow customers to limit risk and to recover from data loss, no matter the cause. Forbes Magazine has named Code42 as one of America's "Most Promising Companies." Code42 is based in Minneapolis, Minnesota but serves customers both across the United States and internationally. *See* FAC, ¶ 8.[1]

Plaintiff alleges that she subscribed online to a Code42 "CrashPlan" service. FAC, ¶ 7. When she subscribed, she was presented with an option to check a box to "Auto-renew my subscription." FAC, ¶ 21. She affirmatively checked the box to

---

[1] For purposes of this motion, Defendant takes the factual allegations in the FAC as true, as it must. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1   set up the automatic renewal option for her subscription.  FAC, at page 6, line 8 &

2   ¶ 21.  She then affirmed that she had read Code42's terms and conditions and

3   clicked on the "Place Your Order" button.  FAC, at page 8, lines 18-20 & ¶  21.

4   Immediately above the "Place Your Order" button was a link to Code42's

5   cancellation policies, reading, "How to cancel your subscription."  *Id.*

6        Shortly after purchasing her Code42 CrashPlan subscription, Plaintiff

7   received a receipt from Code42.  FAC, ¶  24.  The receipt contained links to

8   information regarding Code42's billing and cancellation policies, and also a

9   "Contact us" link that Plaintiff could click on if she had any questions.  FAC, at

10  page 10, line 10 to page 11, line 11 & ¶ 24.

11       In her FAC, Plaintiff alleges that she did not receive certain disclosures

12  required by the ARL, a California statute, for automatically renewing contracts.  But

13  Plaintiff does not allege that she did not understand that her CrashPlan subscription

14  would renew automatically.  Plaintiff does not allege that she was deceived by

15  anything that Code42 represented to her, or failed to disclose to her.  And Plaintiff

16  does not allege that she would have acted any differently (by, for example, deciding

17  not to purchase a Code42 CrashPlan subscription) if different disclosures (or more

18  prominent disclosures) had been made to her.  Accordingly, what Plaintiff alleges is

19  (at most) a technical violation of a California statute that did not have any effect on

20  her.

21       Plaintiff also does not allege the date that she purchased her Code42

22  CrashPlain subscription.  Nonetheless, it is clear from the FAC that it was at some

23  point in 2015.  *See* FAC, at page 11, line 11 (reproducing image of receipt that

24  Plaintiff received upon subscribing, which bears the notation "© 2015 Code 42

25  Software, Inc.").

26       In 2015, the "terms and conditions" that Plaintiff stated that she read and

27  agreed to in placing her subscription order included a provision stating that the

28  "laws of the State of Minnesota, excluding its conflicts of law rules, govern this

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1  Agreement and your use of the Code 42 Products and Services.  Your use of Code

2  42 Products and Services may also be subject to other local, state, national, or

3  international laws." Declaration of Elizabeth Fortier, ¶ 4 & Exhs. 1-2.  Although the

4  text of the terms and conditions is not included in the FAC, those terms are

5  specifically and expressly referenced in the complaint, *see* FAC at page 8, line 18 &

6  ¶¶ 18, 21, and so can be considered by the Court in ruling on a motion to dismiss

7  under Rule 12(b)(6).[2]

8  ## MOTION TO DISMISS STANDARD

9  To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule

10  8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is

11  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

12  "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

13  requires more than labels and conclusions, and a formulaic recitation of the elements

14  of a cause of action will not do." *Id.* at 555.  "Nor does a complaint suffice if it

15  tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v.*

16  *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  "[T]he factual

17  allegations that are taken as true must plausibly suggest an entitlement to relief, such

18  that it is not unfair to require the opposing party to be subjected to the expense of

19  discovery and continued litigation." *Eclectic Props. E., LLC v. Marcus & Millichap*

20  *Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216

21  (9th Cir. 2011)).

22  ## ARGUMENT

23  Plaintiff's FAC should be dismissed because, even taking all of the

24  allegations as true, Plaintiff does not state a claim upon which relief can be granted.

25  This is true for at least three reasons.

26  [2] *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), abrogated on
27  other grounds by *South Ferry LP, No. 2 v. Killinger*, 542 U.S. 776 (9th Cir. 2008);
*Branch v. Tunnell*, 14 F. 3d 449, 454 (9th Cir. 1994), overruled on other grounds by
28  *Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002).

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

First, Plaintiff's first three causes of action are alleged directly under California's "Automatic Renewal Law" or "ARL." The ARL, however, does not provide for a private right of action, and so all three causes of action fail as a matter of law.

Second, Plaintiff's fourth cause of action, this one under California's "Unfair Competition Law" or "UCL," fails because Plaintiff does not allege in the FAC that she "lost money or property as a result of the unfair competition," as required by statute. Bus. & Prof. Code § 17204. As a result, Plaintiff lacks statutory standing to assert a UCL claim.

Third, when Plaintiff purchased her subscription for the Code42 CrashPlan, she agreed that Minnesota law would govern any dispute between the parties. Accordingly, the claims asserted in the FAC – alleged under California law – all fail as a matter of law.

## I.   THE FIRST THREE CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE CALIFORNIA LEGISLATURE DID NOT INCLUDE A PRIVATE RIGHT OF ACTION IN THE AUTOMATIC RENEWAL LAW.

Plaintiff's first three causes of action are all alleged directly under the ARL. In enacting this statute, however, the California Legislature did not create any express private right of action authorizing individuals to bring suit. And under California law, there is a very strong presumption against the judicial creation of implied private rights of action.

The law on this issue has been clear and well settled for decades. As the California Supreme Court held, there is no private right of action to enforce a California statute unless the Legislature has clearly manifested its intention to create such a right. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 305 (1988). "[I]f the Legislature intends to create a private cause of action, we generally assume it will do so 'directly[,] . . . in clear, understandable, unmistakable terms.'" *Id.* at 294-95; *see also, e.g., Vikco Ins. Servs. v. Ohio Indemn. Co.*, 70 Cal. App. 4th

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

55, 62-63 (1999) (quoting and applying *Moradi-Shalal*); *Dunn- Edwards Corp. v. Bay Area Air Quality Mgmt. Dist.*, 9 Cal. App. 4th 644, 658 (1992) ("[C]ourts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention.").

Nothing in the language of the Automatic Renewal Law expressly states – in "direct," "clear," and "unmistakable terms" – that the Legislature  intended to create a direct private right of action to enforce the ARL.  Rather, the key substantive provision of the ARL simply states that "[i]t shall be unlawful for any business" to engage in certain practices.  Bus. & Prof. Code § 17602.  The only express reference to remedies states that "all *available* civil remedies that apply to a violation of this article may be employed."  *Id.* § 17604 (emphasis added).  This is plainly a reference to existing civil remedies, not the creation of an entirely new private right of action.

The statute's legislative history confirms this reading.  The Senate Judiciary Committee Bill Analysis contains a discussion of the "[r]emedies available under the bill."  This discussion references the statutory provision stating that "all applicable civil remedies would be available." Declaration of Steven A. Ellis, Exh. 3.[3]  In analyzing this provision, the Judiciary Committee stated that the various civil remedies available under the UCL, as well as the False Advertising Law (Business and Professions Code sections 17500, *et seq.*), would be available to enforce the substantive provisions of the ARL.  *Id.* at 7.  But the committee did not make any reference to the creation of any new, direct cause of action that could be brought under the ARL itself.  Thus, the legislative history confirms what is clear from the text of the ARL itself: The Legislature did not intend to create a new private right of action under the ARL.

---

[3] The Court may properly take notice of the statute's legislative history.  *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (granting motion for judicial notice of statute's legislative history); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice.").

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1     In her FAC, Plaintiff cites section 17603 of the ARL, which provides that in

2  the case of a violation of the statute, a consumer may treat any "goods, wares,

3  merchandise, or products" that she has received as a "gift."  Bus. & Prof. Code

4  § 17603; FAC, ¶ 16.  To the extent that Plaintiff is attempting to argue in her FAC

5  that section 17603 creates an independent private right of action, however, any such

6  argument is plainly wide of the mark.

7     First, section 17603, by its own terms, applies only to "goods, wares,

8  merchandise, or products" – in other words, physical goods or merchandise, and not

9  services.  Elsewhere, the ARL specifically references both goods and services.  *E.g.,*

10  Bus. & Prof. Code §§ 17600 (describing intent as relating to "ongoing shipments of

11  a product or ongoing deliveries of service"), 17601(d) (defining a consumer as one

12  who purchases "goods [or] services" for personal or family use), 17601(e) (defining

13  "continuous service"), 17602(a)(3) (requiring disclosure of cancellation policy

14  before consumer pays for "goods or services").  In section 17603, however, the

15  Legislature used the more limited phrase of "goods, wares, merchandise, or

16  products."  This more narrow phrasing demonstrates a clear legislative intent to

17  exclude "services," such as those provided by Code42 to Plaintiff, from the scope of

18  section 17603.

19     Second, and independently, section 17603 does not create an affirmative

20  private right of action, even for goods, in "direct," "clear," or "unmistakable terms."

21  Rather, what the Legislature enacted was, at most, a potential defense to an action

22  for payment.  If goods are provided in violation of the statute, the consumer may

23  potentially keep those goods without being required to pay for them.  If the seller

24  brings suit for the putative sale price, the consumer may potentially have a defense

25  to payment under section 17603.  But that is far different from creating a direct,

26  private right to bring an affirmative lawsuit.

27     In sum, because the ARL does not create a direct private right of action, the

28  first three causes of action in the FAC should be dismissed without leave to amend.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1   **II.      THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE**

2   **PLAINTIFF LACKS STATUTORY STANDING UNDER THE UCL.**

3           Under section 17204 of the UCL (revised by voter initiative in 2004), a

4   private individual cannot bring suit under the UCL unless she "has suffered injury in

5   fact and has lost money or property *as a result* of the unfair competition."  Bus. &

6   Prof. Code § 17204 (emphasis added).  Thus, to establish statutory standing, a

7   plaintiff must therefore plead (and ultimately prove) both (1) that she suffered an

8   "economic injury" in losing money or property *and* (2) that the economic injury

9   occurred as a result, and was caused by, the alleged violation of the UCL.  *Kwikset*

10  *Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).[4]

11          Here, the economic injury that Plaintiff attempts to claim was the money that

12  she paid for the Code42 CrashPlan subscription.  FAC, ¶ 54.  Even assuming,

13  without conceding, that the subscription payment could satisfy the "economic

14  injury" requirement of the UCL, however, Plaintiff does not plead any facts in the

15  FAC to support her legal contention that she suffered this purported "economic

16  injury" *as a result of the alleged UCL violation*.

17          What is entirely missing from the FAC is any plausible allegation that

18  Plaintiff paid for the Code42 CrashPlan subscription *as a result of* the alleged failure

19  of Code42 to make the disclosures set forth in the ARL.  Plaintiff does not allege,

20  for example, that she was actually deceived in any way.  Plaintiff does not allege,

21  for example, that she did not understand that her CrashPlan subscription would

22  renew automatically.  Plaintiff does not allege, for example, that if she had received

23  a different set disclosures, she would have decided not to purchase a CrashPlan

24  subscription – or that she would have done anything (or refrained from doing

25  anything) other than what she actually did.

26  _____

27  [4] This is an issue of statutory standing under the UCL, not article III constitutional standing.  As the California Supreme Court has recognized, statutory standing under the UCL is considerably narrower than constitutional standing.  *Kwikset*, 51 Cal. 4th at 324.

28

1    Indeed, all that Plaintiff offers in her FAC on this point is the bare, conclusory

2    allegation that Plaintiff "lost money or property as a result of Defendant's actions."

3    FAC, ¶ 53.  But that merely parrots back the statutory language of section 17204

4    and is not a plausible, factual allegation necessary to support her claim.  *See*

5    *Twombly*, 550 U.S. at 557, 570.

6        Moreover, the factual allegations in the FAC all point in a different direction.

7    In her FAC, Plaintiff admits that when she ordered her CrashPlan subscription, she

8    affirmatively selected the automatic renewal option, affirmatively checking a box in

9    an online form to "Auto-renew my subscription."  FAC, ¶ 21; *see also id.* at page 6,

10   line 8.  She admits that the terms and conditions contained detailed information

11   about payment, cancellation, and subscription issues, and she acknowledged that she

12   had read these terms and conditions when she clicked on the "Place Your Order"

13   button.  FAC, ¶¶ 18, 21 & at page 8, lines 18-20.  And she admits that she received a

14   receipt that contained links to further information regarding Code42's billing and

15   cancellation policies.  FAC, at page 10, line 10 to page 11, line 11 & ¶ 24.  She does

16   not allege that she ever attempted to cancel, had difficulty in cancelling, or was

17   charged even a single penny after attempting to cancel.

18       Accordingly, Plaintiff has not alleged that she lost money in connection with

19   her CrashPlan subscription as a result of any alleged violation of the disclosure

20   requirements of the ARL.  In the absence of such an allegation, Plaintiff lacks

21   statutory standing as a matter of law, and her UCL claim should be dismissed.

22   *Kwikset Corp. v. Superior Court*, 51 Cal. 4th at 322; *see also, e.g., McFarland v. JP*

23   *Morgan Chase Bank*, No. 13-1838, 2014 WL 4119399, at *12 (C.D. Cal. 2014)

24   (plaintiff must plead, and ultimately prove, that "but for Defendant[']s[] actions, she

25   would not have suffered the economic harms she alleges").

26

27

28

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

### III.   THE CHOICE-OF-LAW CLAUSE IN PLAINTIFF'S CONTRACT REQUIRES DISMISSAL OF THE COMPLAINT.

When Plaintiff placed her CrashPlan subscription order, she agreed to a contract that contains a choice-of-law clause: "The laws of the State of Minnesota, excluding its conflicts of law rules, govern this Agreement and your use of the Code42 Products and Services." *See* Declaration of Elizabeth Fortier, ¶ 4 & Exhs. 1-2. Minnesota law, not California law, governs this dispute.

California law favors the enforcement of choice-of-law provisions. *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 917 (2001). The California Supreme Court has determined that a valid choice-of-law provision "encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 470 (1992).[5]

Plaintiff's claims "aris[e] from" her agreement with Code42 and her use of Code42's services. *See id.* All of her claims are based upon alleged non-disclosures in connection with her agreement to order a Code42 CrashPlan subscription. *E.g.,* FAC, ¶¶ 37, 42, 47. Because Plaintiff's claims arise from her agreement with Code42, the choice-of-law clause encompasses them. *See Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 536 (C.D. Cal. 2013) (noting "crux of Plaintiffs' claim is that Defendants engaged in unfair business practices when they used their authority under a borrower's mortgage contract").

In *Nedlloyd*, the California Supreme Court announced a three-part test to determine whether to enforce a choice-of-law provision: (1) whether the contractually chosen state's governing law has a substantial relationship to the parties or their transaction, and if it does, (2) whether the chosen state's law is contrary to a fundamental policy of California, and if it is, (3) then the court must

---

[5] Choice-of-law rules are deemed "substantive" for *Erie* purposes. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Thus, this Court should apply California choice-of-law rules in resolving this issue. *See id.*

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1   weigh whether California has a materially greater interest than the chosen state in

2   the resolution of a particular claim.  *Nedlloyd*, 3 Cal. 4th at 466; *see also Wash. Mut.*

3   *Bank*, 24 Cal. 4th at 918 (concluding *Nedlloyd*'s analysis "is properly applied in the

4   context of consumer adhesion contracts").  Application of this three-part test dictates

5   dismissal of Plaintiff's claims.

6         First, the "substantial relationship" prong is easily met here.  Code42's

7   principal place of business is in Minneapolis, Minnesota, FAC, ¶ 8, and that creates

8   a substantial relationship to Minnesota.  *See Century 21 Real Estate LLC v. All*

9   *Prof'l Realty, Inc.*, 889 F. Supp. 2d 1198, 1216 (E.D. Cal. 2012) ("This requirement

10  is satisfied because Century 21 has a substantial relationship with New Jersey

11  because it is a limited liability company with its principal place of business and

12  headquarters in New Jersey."); *see also Nedlloyd*, 3 Cal. 4th at 467 ("The

13  incorporation of these parties in Hong Kong provides the required 'substantial

14  relationship.'").

15        Second, the strict "fundamental policy" prong also points to Minnesota: A

16  choice-of-law clause under this prong is unenforceable only if "the chosen law is so

17  offensive to California public policy as to be prejudicial to recognized standards of

18  morality and to the general interest of the citizens."  *Medimatch, Inc. v. Lucent*

19  *Techs., Inc.*, 120 F. Supp. 2d 842, 862 (N.D. Cal. 2000) (citing *Wong v. Tenneco*

20  *Inc.*, 39 Cal. 3d 126, 135 (1985)).  Although the Minnesota Legislature has not

21  enacted a statute similar to the ARL, the absence of such legislation is not

22  "offensive to California public policy" or "prejudicial to recognized standards of

23  morality."  Indeed, California itself did not have an ARL until December 2010.  And

24  the mere fact that the chosen state's law provides greater or lesser protection than

25  California law, or that the chosen law would not provide protection while California

26  law would, are not sufficient reasons for overriding the contract term and applying

27  California law.  *Medimatch*, 120 F. Supp. 2d at 862 (dismissing California law

28  claims with prejudice).

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1     Moreover, Minnesota does have a Consumer Fraud Act.  Minn. Stat.

2  §§ 325F.68, *et seq.*  That statute prohibits "fraud, false pretense, false promise,

3  misrepresentation, misleading statement or deceptive practice," and contains a

4  number of additional provisions, as well as certain conditions and limitations, that

5  the Minnesota Legislature has deemed appropriate to strike the correct balance in

6  protecting consumers and regulating businesses.  *Id.* § 325F.69.

7     Because there is no fundamental conflict between the laws of Minnesota and

8  California, the choice-of-law inquiry ends, and Minnesota law governs Plaintiff's

9  claims.  *See Nedlloyd*, 3 Cal. 4th at 466 ("If there is no [fundamental] conflict, the

10  court shall enforce the parties' choice of law.").  Accordingly, there is no need to

11  move on to the third prong of the test, in which the court is asked to weigh the

12  respective interests of the two states.  But even if the court were asked to perform

13  that weighing, there could be no question that Minnesota has a much greater interest

14  in regulating the conduct of its in-state businesses with nationwide customers than

15  do other states, including California, where some fraction of the company's

16  customers reside.  *See Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093, 1096

17  (C.D. Cal. 2010) ("[C]ourts have noted the importance of enforcing choice of law

18  provisions for businesses with nationwide customers to limit the risk and expenses

19  of litigation under different laws in every state.").

20     Where, as here, a valid choice-of-law provision states that the law of another

21  state applies, court have concluded that claims alleged under the California Business

22  and Professions Code claims must be dismissed.  *See*, *e.g.*, *Wireless Warehouse, Inc.*

23  *v. Boost Mobile, LLC*, No. SACV 09-1436, 2011 WL 92984, at *4 (C.D. Cal. Jan.

24  11, 2011) ("A valid choice of law provision selecting another state's law is grounds

25  to dismiss a claim under California's unfair competition law."), *aff'd*, 479 F. App'x

26  58, 58 (9th Cir. 2012); *Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d

27  1059, 1070 (E.D. Cal. 2006) (same).  This Court should follow suit.

28

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1

## CONCLUSION

2        For the foregoing reasons, this Court should grant the Motion in its entirety

3 and dismiss the FAC without leave to amend.

4

5                                  Respectfully submitted,

6 Dated:  February 29, 2016      By:  /s/   Steven A. Ellis

7                              STEVEN A. ELLIS
*sellis@goodwinprocter.com*

8                              GALEN A. PHILLIPS
*gphillips@goodwinprocter.com*

9                              **GOODWIN PROCTER LLP**

10                             Attorneys for Defendant:
CODE42 SOFTWARE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**