STEVEN A. ELLIS (SBN 171742)
sellis@goodwinprocter.com
GALEN A. PHILLIPS (SBN 307644)
gphillips@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

Attorneys for Defendant:
CODE42 SOFTWARE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JORDAN KISSEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CODE42 SOFTWARE, INC., a Delaware corporation; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-01936-JLS-KES<br><br>**REPLY IN SUPPORT OF MOTION OF CODE42 SOFTWARE, INC. TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: April 15, 2016<br>Time: 2:30 p.m.<br>Courtroom: 10-A<br>Judge: Hon. Josephine L. Staton<br><br>Complaint filed: November 19, 2015 |

ACTIVE/85606912.1

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 1

I.     There Is No Private Right of Action Under the ARL (Counts One-Three). ........................................................................................................ 1

II.    Plaintiff Does Not Have Statutory Standing to Assert a Claim Under the UCL (Count Four). ................................................................................ 4

III.   Minnesota Law, Not California Law, Governs Any Dispute Between the Parties (All Counts). .............................................................................. 5

CONCLUSION ................................................................................................... 9

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abat v. Chase Bank USA, N.A.*,
    738 F. Supp. 2d 1093, 1096 (C.D. Cal. 2010) ......................................................... 9

*Backus v. General Mills*,
    122 F. Supp. 3d 909 (N.D. Cal. 2015) .................................................................... 5

*Bias v. Wells Fargo & Co.*,
    942 F. Supp. 2d 915 (N.D. Cal. 2013) .................................................................... 6

*Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*,
    600 F. App'x 502 (9th Cir. 2015) ........................................................................... 7

*Faili v. BAC Home Loans Servicing LP*,
    No. 8:13-CV-1105-JLS, 2014 WL 255704 (C.D. Cal. Jan. 23, 2014) ................... 6

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*,
    771 F.3d 1119 (9th Cir. 2014) ................................................................................ 1

*Junod v. Mortg. Elec. Registration Syss., Inc.*,
    584 F. App'x 465 (9th Cir. 2014) ........................................................................... 4

*Medimatch, Inc. v. Lucent Techs., Inc.*,
    120 F. Supp. 2d 842 (N.D. Cal. 2000) .................................................................... 7

*Melt Franchising, LLC v. PMI Enters., Inc.*,
    No. CV 08-4148 PSG, 2009 WL 32587 (C.D. Cal. Jan. 2, 2009) .......................... 8

*Noll v. eBay, Inc.*,
    5:11-CV-04585-EJD, 2013 WL 2384250 (N.D. Cal. May 30, 2013) .................... 4

*Svenson v. Google, Inc.*,
    No.13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015) ..................... 5

*In re Trilegiant Corp.*,
    11 F. Supp. 3d 82 (D. Conn. 2014) ................................................................... 3, 4

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

**California Cases**

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) .................................................................................................. 4

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
   46 Cal. 3d 287 (1988) ................................................................................................... 1

*Nedlloyd Lines B.V. v. Superior Court*,
   3 Cal. 4th 459 (1992) ......................................................................................... 5, 6, 7, 8

*Washington Mutual Bank v. Superior Court*,
   24 Cal. 4th 906 (2001) .................................................................................................. 8

**California Statutes**

Bus. & Prof. Code § 16750(a) ............................................................................................ 3

Bus. & Prof. Code §§ 17200, *et seq.* ............................................................................. 1, 4

Bus. & Prof. Code §§ 17601, *et seq* ............................................................................ 1, 2, 3

Civil Code § 1780(a) .......................................................................................................... 3

Civil Code § 1788.30(a) ..................................................................................................... 3

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

Defendant Code 42 Software, Inc. ("Code42") respectfully submits this Reply in support of its motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Jordan Kissel ("Plaintiff").

## INTRODUCTION

As Code42 demonstrated in its Opening Memorandum ("Mem.") (Dkt. 19), Plaintiff's FAC should be dismissed for three reasons: (1) California's Automatic Renewal Law, California Business and Professions Code sections 17601, *et seq.* (the "ARL"), does not create an independent private right of action, *see* Mem. at 4-6; (2) Plaintiff has not alleged, as she must to state a claim under California's Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.* (the "UCL"), that she lost money or property *as a result of* the alleged statutory violation, *see* Mem. at 7-8; and (3) the parties agreed that any dispute between them would be governed by the law of Minnesota, not California, *see* Mem. at 9-11.

Nothing in Plaintiff's Opposition ("Opp.") (Dkt. 22) rebuts any of these three critical points.

## ARGUMENT

### I. THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE ARL (COUNTS ONE-THREE).

A California statute does not create a private right of action unless the California Legislature created such a private right in clear and unmistakable terms. *Moradi-Shalal v. Fireman's Fund Ins. Cos.,* 46 Cal. 3d 287, 305 (1988); *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1132-33 (9th Cir. 2014); *see also* Mem. at 4-5 (citing cases). Plaintiff does not (and cannot) contest that point, but instead makes a series of arguments in an attempt to avoid the direct application of this clear principle.

First, Plaintiff argues that because the ARL is a remedial statute, it should be construed to create an implied private right of action, even though no such right appears in clear and unmistakable terms on the face of the statute. Any other result,

1  Plaintiff argues, would lead to "absurd results" and render the statute "meaningless."
2  Opp. at 3-4.

3      This argument, however, is fundamentally inconsistent with decades of
4  California law.  A remedial statute in California that does not include its own private
5  right of action is not "meaningless."  Rather, the UCL generally allows a private
6  individual to bring a civil action to enforce a statute that, like the ARL, does not
7  itself contain an express private right of action.  And, indeed, the California
8  Legislature clearly recognized that a violation of the ARL could, in appropriate
9  circumstances, give rise to a claim under the UCL, expressly providing that "all
10 available civil remedies that apply to a violation of this article may be employed" to
11 enforce the statute.  Bus & Prof. Code § 17604(a); *see also* Mem. at 5 (citing report
12 of the California Senate Judiciary Committee stating that the civil remedies
13 available under the UCL could be used to enforce the ARL).  Thus, the absence of
14 an implied private right of action to enforce the ARL directly does not in any way
15 render the statute "meaningless" or lead to any "absurd results."[1]

16     Second, Plaintiff appears to argue that a private right of action can be found in
17 Business and Professions Code section 17603, one of the provisions in the ARL.
18 Opp. at 3-4.  Section 17603 states that in the case of a violation of the statute, any
19 "goods, wares, merchandise, or products" that are received by a consumer "shall for
20 all purposes be deemed an unconditional gift."  Bus. & Prof. Code § 17603.

21     This provision does not assist Plaintiff, however, for at least two independent
22 reasons.  As an initial matter, the Legislature clearly knows the difference between
23 "goods" and "services"; indeed, in other sections of the ARL, the Legislature
24 repeatedly used the word "services."  *See* Mem. at 6 (citing provisions).  The
25 omission of the word "services" from section 17603 indicates a clear legislative

---

[1] Of course, an individual seeking to enforce the ARL through the UCL must also meet the requirements of the UCL, including the statutory standing requirement.  As demonstrated below, Plaintiff does not meet that requirement.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

1 intent to exclude services from the scope of that particular provision of the ARL.
2 Thus, even if the Court were to construe section 17603 to create a private right of
3 action (which it does not), any such cause of action would be limited to "goods,
4 wares, merchandise, or products" and would not include an action based upon the
5 sale of "services."

6 Moreover, and independently, the Legislature plainly knows how to create
7 private rights of action in clear and direct terms. Section 17603, however, contains
8 no such language. It does not state, for example, that "a person who is injured by a
9 violation of this statute may bring a civil action in any court having jurisdiction to
10 recover damages," or contain any similar provision. *Compare, e.g.,* Bus. & Prof.
11 Code § 16750(a); Civil Code § 1780(a); Civil Code 1788.30(a). Accordingly, the
12 reference to a good being "deemed" to be an "unconditional gift" is more properly
13 interpreted as providing a substantive defense to, for example, a collection action,
14 rather than as creating a new and independent procedural right to bring an
15 affirmative private cause of action. *See* Mem. at 6.

16 Third, Plaintiff cites a single case – from the District of Connecticut – in
17 support of her proposition that there is an implied private right of action under the
18 ARL. Opp. at 5. In that case, *In re Trilegiant Corp.*, 11 F. Supp. 3d 82 (D. Conn.
19 2014), the court noted (correctly) that under the plain language of the statute, the
20 provisions of the ARL do not apply to residents of states other than California. *Id.*
21 at 126. The court then (correctly) dismissed the claims of non-California plaintiffs.
22 *Id.* But in doing so, the court (incorrectly) stated that the ARL "provides a private
23 cause of action for customers who are harmed in California." *Id.* That is simply an
24 incorrect statement of California law. The court entirely missed the critical, but
25 perhaps subtle, distinction under California law between whether the ARL applies to
26 California plaintiffs (which it does) and whether the ARL contains an independent
27 but implied private right of action for California plaintiffs (which it does not).
28

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

The only authority that the *Trilegiant* court cited in support of its statement that there is an implied private right of action under the ARL was *Noll v. eBay, Inc.*, 5:11-CV-04585-EJD, 2013 WL 2384250 (N.D. Cal. May 30, 2013). *Noll*, however, stands for no such proposition. Nothing in *Noll* contradicts, or even purports to contradict, decades of settled California law rejecting the creation of implied private rights of action under state statutes. Rather, in *Noll* the court simply stated the correct – and unremarkable – proposition that under the plain language of the ARL, a Florida-resident plaintiff could not bring an action to enforce the provisions of the statute. 2013 WL 2384250, at *6.

In sum, the law rejecting the creation of implied private rights of action under California statutes is settled and clear. The ARL is no different. Accordingly, there is no private right of action under the UCL, and Plaintiff's first three claims should be dismissed without leave to amend.

## II. PLAINTIFF DOES NOT HAVE STATUTORY STANDING TO ASSERT A CLAIM UNDER THE UCL (COUNT FOUR).

Under Business and Professions Code section 17204, a private plaintiff in a UCL action must plead, and ultimately prove, that she has lost money or property "as a result of" the alleged violation. Contrary to Plaintiff's apparent suggestion, *see* Opp. at 6-8, the provisions of section 17204 apply to all private actions brought under the UCL. It does not matter whether plaintiff alleges a claim under the "fraudulent" prong of the statute, the "unfair" prong, the "unlawful" prong, or some combination of the three. Under section 17204, a private plaintiff *in any UCL action* must plead the existence of some type of but-for causal connection between (a) the alleged loss of money or property and (b) the alleged UCL violation. *See, e.g., Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); *Junod v. Mortg. Elec. Registration Syss., Inc.*, 584 F. App'x 465, 468-9 (9th Cir. 2014).

Nowhere in the FAC does Plaintiff plead any such connection. If anything, as Code42 has already explained, the facts pleaded in the FAC point in the opposite

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

direction. *See* Mem. at 8. And nothing in either the FAC or the Opposition even suggests that this defect could be cured by amendment. For that reason, Plaintiff's UCL claim should be dismissed without leave to amend.

The cases that Plaintiff cites do nothing to save her claim. Most stand for uncontested propositions that are entirely unrelated to the arguments that Code42 made in its Memorandum. *See* Opp. at 7 (citing cases for proposition that the UCL has separate "unlawful," "fraudulent," and "unfair" prongs); *id.* at 8 (citing case for proposition that some UCL claims do not require evidence of intent to injure plaintiff). Plaintiff also cites *Backus v. General Mills*, 122 F. Supp. 3d 909 (N.D. Cal. 2015), but that case actually supports Code42's position. There, the plaintiff alleged that he would not have purchased defendant's products but for defendant's violation of the law. *Id.* at 916. Here, in contrast, Plaintiff makes no such allegation. And in *Svenson v. Google, Inc.*, No.13-cv-04080-BLF, 2015 WL 1503429 (N.D. Cal. Apr. 1, 2015), the plaintiff alleged "that she paid Google for services that she did not receive as a result of Google's unlawful and unfair business practices." *Id.* at *8. Again, Plaintiff does not (and cannot) make any such allegation here for the simple reason that Code42 provided her with the services that she paid for.

In the absence of an allegation that there was any but-for causal connection between the alleged statutory violation and Plaintiff's alleged loss of money or property, Plaintiff's UCL claim should be dismissed without leave to amend.

## III. MINNESOTA LAW, NOT CALIFORNIA LAW, GOVERNS ANY DISPUTE BETWEEN THE PARTIES (ALL COUNTS).

Plaintiff agreed to a contract that contains a valid Minnesota choice of law provision that covers this dispute. Mem. at 2-3, 9-11. Under the three-step test set forth in *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466 (1992), the Court should enforce that contractual choice of law provision and require the Plaintiff to proceed (if at all) under Minnesota law. Mem. at 9-11.

In her Opposition, Plaintiff does not contest that the contract she agreed to contains a valid Minnesota choice of law provision that covers this dispute. Instead, she makes a series of arguments regarding why her California claims should not be dismissed under *Nedlloyd*. None of these arguments, however, withstands scrutiny.

Plaintiff begins by arguing that the decision regarding whether to enforce a choice of law provision in a contract cannot be made on the pleadings. Opp. at 9. That is simply wrong. Federal courts, including this one, routinely dismiss class claims at the pleading stage based upon choice of law clauses. *E.g.*, *Faili v. BAC Home Loans Servicing LP*, No. 8:13-CV-1105-JLS (ANx), 2014 WL 255704, at *12 (C.D. Cal. Jan. 23, 2014) (Staton, J.) (granting motion to dismiss with prejudice because choice of law clause barred class claims under California's UCL).

Although Plaintiff cites *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915 (N.D. Cal. 2013), in support of her proposed "never at the motion to dismiss stage" rule, Opp. at 9, her reliance on *Bias* is misplaced. In *Bias*, there was a factual dispute that arose from the pleadings regarding the extent of the defendants' connection to California; specifically, the plaintiff in *Bias* alleged, and the defendants denied, that the alleged wrongdoing had emanated from California. *See id.* at 927-28. Without resolving that dispute, the court concluded, it could not determine whether California or Louisiana should apply under the *Nedlloyd* test. *Id.*

Here, in contrast, the Court can and should apply the *Nedlloyd* test, taking as true the facts alleged in the FAC. As alleged in the FAC, Code42 conducts interstate commerce from its headquarters in Minnesota. FAC, ¶ 8. Plaintiff purchased a subscription from Code42 in California, placing her order over the Internet. FAC, ¶¶ 7, 18-24. Those facts are sufficient to apply all three steps of *Nedlloyd*:

1. <u>Substantial Relationship</u>. Under step one of *Nedlloyd*, Minnesota has a substantial relationship to the parties or the transaction. Although Plaintiff argues in her Opposition that she herself has no relationship with the State of Minnesota, Opp.

at 9, that is not the test. Rather, the first step of *Nedlloyd* examines whether "the parties *or* their transaction" has a relationship to the chosen state. *Nedlloyd*, 3 Cal. 4th at 466 (emphasis added). Where, as here, Code42 is located in Minnesota, the alleged non-disclosure emanated out of Minnesota, and Plaintiff voluntarily entered into an interstate transaction with a company located in Minnesota, the substantial relationship test is easily met. *See* Mem. at 10; *see also Nedlloyd*, 3 Cal. 4th at 462, 467 (concluding that there was a "substantial relationship" to Hong Kong because some of the parties to the contract were incorporated there). "If one of the parties resides in the chosen state, the parties have a reasonable basis for their choice." *Id.* at 467 (quoting *Consul Ltd. v. Solide Enters. Inc.*, 802 F.2d 1143, 1147 (9th Cir. 1986) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971))).

      2. <u>Fundamental Policy</u>. Step two of *Nedlloyd* is a legal question that examines whether the chosen state's law is contrary to a fundamental policy of California. *Nedlloyd*, 3 Cal. 4th at 466. This is a legal question that does not turn on the facts, and so is well suited to determination on the pleadings.

      Plaintiff argues that because California has the ARL and Minnesota does not, then Minnesota law is necessarily and automatically contrary to a "fundamental policy" of California. Opp. at 10. But, again, Plaintiff misstates the test. Not every conflict of laws involves a conflict of "fundamental policy." Indeed, if that were the case (as Plaintiff suggests), then step two of the *Nedlloyd* test would be reduced to a nullity. *See Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, 600 F. App'x 502, 504 (9th Cir. 2015) (quoting *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842 (N.D. Cal. 2000)) ("The mere fact that the chosen law provides greater or lesser protection than California law, or that in a particular application the chosen law would not provide protection while California law would, are not reasons for applying California law."). Rather, Plaintiff must show that the law of the chosen state "is so offensive to California public policy as to be prejudicial to recognized standards of morality and to the general interest of the citizens." *Medimatch*, 120 F.

1  Supp. 2d at 862 (citing *Wong v. Tenneco Inc.*, 39 Cal. 3d 126, 135 (1985)); *Melt
2  Franchising, LLC v. PMI Enters., Inc.*, No. CV 08-4148 PSG (MANx), 2009 WL
3  32587, at *3 (C.D. Cal. Jan. 2, 2009) (same).

4      Plaintiff has not met this burden, and cannot do so.  Minnesota does not have
5  an ARL, but it has other laws that provide significant protection to consumers.  *See*
6  Mem. at 10-11.  And in California, we did not have the ARL until 2010; prior to that
7  time, our consumer protection laws were not "offensive" or "prejudicial to
8  recognized standards of morality."

9      3.  <u>Materially Greater Interest</u>.  Because, under step two of *Nedlloyd*, the law
10 of Minnesota is not contrary to a fundamental policy of California, the *Nedlloyd* test
11 is complete: the law of the chosen state applies, and there is no need to proceed to
12 step three.  *See Nedlloyd*, 3 Cal. 4th at 466 ("If there is no [fundamental] conflict,
13 the court shall enforce the parties' choice of law.").

14     But even if the Court were to proceed to the third step, the Court can
15 determine that Minnesota has a materially greater interest in regulating the conduct
16 of businesses located in that state, with customers located throughout the country
17 (and beyond), than does California or any other state in which some, but not all, of
18 Code42's customers may reside.  *See* Mem. at 11.

19     The three cases that Plaintiff cites, Opp. at 10-11, are not to the contrary.
20 Indeed, none of the three even addresses the "materially greater interest" step of
21 *Nedlloyd*; rather, all three involve the alternative "governmental interests" test, a test
22 that applies only when there is no advance agreement between the parties on the
23 applicable law.  *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 914-
24 15 (2001).  Here, in contrast, the parties did reach an agreement on the applicable
25 law, and so *Nedlloyd* is the appropriate test for this Court to apply.  *Id.*

26     In applying the wrong test, Plaintiff misconstrues California choice of law
27 rules by arguing that merely because she is a California resident, California
28 necessarily has a materially greater interest in regulating interstate transactions than

**Goodwin Procter LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

does the state from which the conduct is emanating. That is not the law, and courts have repeatedly held that the opposite is true. *E.g.*, *Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093, 1096 (C.D. Cal. 2010) (holding California class "failed to demonstrate that California's interest in this case is 'materially greater' than Delaware's"); *see also* Mem. at 11.

In sum, the Court should enforce the choice of law provision in the contract that Plaintiff agreed to and dismiss Plaintiff's California-based claims without leave to amend.

## CONCLUSION

For the foregoing reasons, and those stated in the Opening Memorandum, Code42 respectfully requests that the Court should grant the Motion in its entirety and dismiss the FAC without leave to amend.

Respectfully submitted,

Dated: April 1, 2016    By: /s/    Steven A. Ellis
STEVEN A. ELLIS
*sellis@goodwinprocter.com*
GALEN A. PHILLIPS
*gphillips@goodwinprocter.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
CODE42 SOFTWARE, INC.

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

ACTIVE/85606912.1

9