STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
GALEN A. PHILLIPS (SBN 307644)
*gphillips@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S Figueroa Street
41st Floor
Los Angeles, California 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

Attorneys for Defendant:
CODE42 SOFTWARE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JORDAN KISSEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CODE42 SOFTWARE, INC., a Delaware corporation ; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-01936-JLS-KES<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Courtroom: 10-A<br>Judge:      Hon. Josephine L. Staton<br><br>Complaint filed: November 19, 2015 |

ACTIVE/85712584.2

Defendant Code42 Software, Inc. ("Code42" or "Defendant") answers the First Amended Complaint ("FAC") filed by Plaintiff Jordan Kissel ("Kissel" or "Plaintiff"), as follows:

Except as expressly admitted herein, Defendant denies all allegations in the FAC.

## INTRODUCTION & OVERVIEW OF CLAIMS

1. Defendant admits that Plaintiff purports to bring claims on behalf of a putative class and that the FAC purports to set forth claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arising under California Business and Professions Code, and the California Code of Civil Procedure. Defendant denies that there is any basis to certify a class, denies that plaintiff or any member of the putative class has any basis to obtain any relief from Defendant, and denies each and every other allegation in Paragraph 1.

2. To the extent that any allegations in Paragraph 2 relate to the alleged "Class Period," Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations because Class Period is an undefined term and, on this basis, denies each and every one of those allegations. Responding further, Defendant admits that it made automatic renewal or continuous service offers to consumers in California and denies each and every other allegation set forth in Paragraph 2.

3. Defendant admits that the FAC purports to seek damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to California Business & Professions Code, and Code of Civil Procedure. Defendant denies that there is any basis to certify a class, denies that plaintiff or any member of the putative class has any basis to obtain any relief from Defendant, and denies each and every other allegation in Paragraph 3.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

## JURISDICTION AND VENUE

4. Defendant is without knowledge or information sufficient to form a belief as to the citizenship of Plaintiff and, on that basis, denies the allegation that this court has diversity jurisdiction over this matter. To the extent that a further response is required to Paragraph 4 of the FAC, Defendant denies each and every other allegation set forth therein.

5. Defendant admits that the Court has personal jurisdiction over Defendant.

6. Defendant denies that venue is proper in this District. Defendant admits that it is subject to personal jurisdiction in this District and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, on this basis, denies each and every other allegation set forth therein.

## PARTIES

7. To the extent that any allegations in Paragraph 7 relate to an alleged "Class Period," Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations because Class Period is an undefined term and, on this basis, denies each and every one of those allegations. Responding further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on this basis, denies each and every other allegation set forth therein.

8. To the extent that any allegations in Paragraph 8 relate to an alleged "Class Period," Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations because Class Period is an undefined term and, on this basis, denies each and every one of those allegations. Defendant admits that it is a Delaware corporation with its principal place of business located at 1 Main Street SE # 400, Minneapolis, Minnesota 55414. Defendant further admits that it operates in California and has done business in California. Defendant admits

1  that it made, and continues to make, automatic renewal or continuous service offers
2  to consumers in California.  And Defendant admits that it operates a website which
3  markets subscriptions for its "CrashPlan" computer backup services and related
4  computer services.  As to the remaining allegations in Paragraph 8, to the extent a
5  response is required, Defendant denies each and every other allegation set forth in
6  Paragraph 8.

7       9.    The allegations of Paragraph 9 contain statements of law and therefore
8  no response is required.  To the extent a response is required, Defendant is without
9  knowledge or information sufficient to form a belief as to their truth and, on this
10  basis, denies each and every other allegation set forth therein.

11       10.    The allegations of Paragraph 10 contain statements of law and therefore
12  no response is required.  Defendant denies that "Freshly, Inc." is related in any way
13  to the allegations in this action.  As to the remaining allegations in Paragraph 10, to
14  the extent a response is required, Defendant is without knowledge or information
15  sufficient to form a belief as to their truth and, on this basis, denies each and every
16  other allegation set forth therein.

17  **FACTUAL BACKGROUND**

18       11.    The allegations of Paragraph 11 contain statements of law and therefore
19  no response is required.  To the extent a response is required, Defendant admits that
20  sections 17600-17606 of the California Business & Professions Code came into
21  effect on December 1, 2010 and denies the remaining allegations in Paragraph 11.

22       12.    The allegations of Paragraph 12 contain statements of law and therefore
23  no response is required.  To the extent a response is required, Defendant admits the
24  allegations of Paragraph 12.

25       13.    The allegations of Paragraph 13 contain statements of law and therefore
26  no response is required.  To the extent a response is required, Defendant admits the
27  allegations of Paragraph 13.

28

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

14. The allegations of Paragraph 14 contain statements of law and therefore no response is required.  To the extent a response is required, Defendant admits the allegations of Paragraph 14.

15. The allegations of Paragraph 15 contain statements of law and therefore no response is required.  To the extent a response is required, Defendant admits the allegations of Paragraph 15.

16. The allegations of Paragraph 16 contain statements of law and therefore no response is required.  To the extent a response is required, Defendant admits the allegations of Paragraph 16.

17. Responding to the first two sentences of Paragraph 17 of the FAC, Defendant admits the allegations set forth therein.  The remaining allegations of Paragraph 17 contain statements of law and therefore no response is required.

18. To the extent that any allegations in Paragraph 18 relate to an alleged "Class Period," Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations because Class Period is an undefined term and, on this basis, denies each and every one of those allegations.  Responding further to the first two sentences of Paragraph 18 of the FAC, Defendant admits that the allegations set forth therein were true at certain times.  Responding further to the third sentence of Paragraph 18 of the FAC, Defendant admits that certain disclosures were made on its website at certain times and denies the remaining allegations in Paragraph 18.

19. Defendant denies each and every allegation set forth in Paragraph 19.

20. To the extent that any allegations in Paragraph 20 relate to an alleged "Class Period," Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations because Class Period is an undefined term and, on this basis, denies each and every one of those allegations.  Responding further to the first three sentences of Paragraph 20 of the FAC, Defendant admits the allegations set forth therein were true at certain times.  To the extent Plaintiff

**Goodwin Procter LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

included a screenshot in Paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to its truth and, on this basis, denies each and every allegation associated with the screenshot. As to any remaining allegations in Paragraph 20, Defendant denies each and every other allegation set forth therein.

21. Defendant admits that the allegations in the first sentence in Paragraph 21 were true at certain times. To the extent Plaintiff included screenshots in Paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to their truth and, on this basis, denies each and every allegation associated with the screenshots. Defendant denies each and every other allegation set forth in Paragraph 21.

22. Defendant denies each and every allegation set forth in Paragraph 22.

23. Defendant denies each and every allegation set forth in Paragraph 23.

24. Defendant admits that it sends subscribers various communications including receipts. To the extent Plaintiff included screenshots in Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to their truth and, on this basis, denies each and every allegation associated with the screenshots. As to the remaining allegations in Paragraph 24, Defendant denies each and every other allegation set forth therein.

## CLASS ACTION ALLEGATIONS

25. Defendant admits that the Plaintiff purports to bring this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. Defendant denies that there is any basis to certify a class, and denies each and every other allegation in Paragraph 25.

26. Defendant denies that there is any basis to certify a class, and denies each and every other allegation in Paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of Paragraph 27. Defendant denies that there is any basis to certify a class, denies that

1 the purported class can be ascertained, and denies each and every other allegation in
2 Paragraph 27.

3     28.    Defendant denies each and every allegation set forth in Paragraph 28.

4     29.    Defendant denies each and every allegation set forth in Paragraph 29.

5     30.    Defendant is without knowledge or information sufficient to form a
6 belief as to the truth of the allegations in Paragraph 30 and, on this basis, denies
7 each and every other allegation set forth therein.

8     31.    Defendant denies each and every allegation set forth in Paragraph 31.

9     32.    Defendant denies each and every allegation set forth in Paragraph 32.

10     33.    Defendant denies each and every allegation set forth in Paragraph 33.

11     34.    Defendant denies each and every allegation set forth in Paragraph 34.

## FIRST CAUSE OF ACTION

13     35.    The allegations of Paragraph 35 incorporate by reference the prior
14 paragraphs of the FAC.  Responding, Defendants incorporates by reference the prior
15 paragraphs of this Answer.

16     36.    The allegations of Paragraph 36 contain statements of law and therefore
17 no response is required.  To the extent that a response is required, Defendant admits
18 the allegations of Paragraph 36.

19     37.    Defendant denies each and every allegation set forth in Paragraph 37.

20     38.    Defendant denies each and every allegation set forth in Paragraph 38.

21     39.    Defendant admits that Plaintiff purports to request relief on behalf of
22 herself and a putative class.  Defendant denies that there is any basis to certify a
23 class, denies that plaintiff or any member of the putative class has any basis to
24 obtain any relief from Defendant, and denies each and every other allegation in
25 Paragraph 39.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California  90017

## SECOND CAUSE OF ACTION

40. The allegations of Paragraph 40 incorporate by reference the prior paragraphs of the FAC. Responding, Defendants incorporates by reference the prior paragraphs of this Answer.

41. The allegations of Paragraph 41 contain statements of law and therefore no response is required. To the extent that a response is required, Defendant admits the allegations of Paragraph 41.

42. Defendant denies each and every allegation set forth in Paragraph 42.

43. Defendant denies each and every allegation set forth in Paragraph 43.

44. Defendant admits that Plaintiff purports to request relief on behalf of herself and a putative class. Defendant denies that there is any basis to certify a class, denies that plaintiff or any member of the putative class has any basis to obtain any relief from Defendant, and denies each and every other allegation in Paragraph 44.

## THIRD CAUSE OF ACTION

45. The allegations of Paragraph 45 incorporate by reference the prior paragraphs of the FAC. Responding, Defendants incorporates by reference the prior paragraphs of this Answer.

46. The allegations of Paragraph 46 contain statements of law and therefore no response is required. To the extent that a response is required, Defendant admits the allegations of Paragraph 46.

47. Defendant denies each and every allegation set forth in Paragraph 47.

48. Defendant denies each and every allegation set forth in Paragraph 48.

49. Defendant admits that Plaintiff purports to request relief on behalf of herself and a putative class. Defendant denies that there is any basis to certify a class, denies that plaintiff or any member of the putative class has any basis to obtain any relief from Defendant, and denies each and every other allegation in Paragraph 49.

**Goodwin Procter LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

## FOURTH CAUSE OF ACTION

50. The allegations of Paragraph 50 incorporate by reference the prior paragraphs of the FAC. Responding, Defendants incorporates by reference the prior paragraphs of this Answer.

51. The allegations of Paragraph 51 contain statements of law and therefore no response is required. To the extent that a response is required, Defendant admits the allegations of Paragraph 51.

52. Defendant denies each and every allegation set forth in Paragraph 52.

53. Defendant denies each and every allegation set forth in Paragraph 53.

54. Defendant denies each and every allegation set forth in Paragraph 54.

55. Defendant denies each and every allegation set forth in Paragraph 55.

56. Defendant denies each and every allegation set forth in Paragraph 56.

57. Defendant denies each and every allegation set forth in Paragraph 57.

58. Defendant admits that Plaintiff purports to request relief on behalf of herself and a putative class. Defendant denies that there is any basis to certify a class, denies that plaintiff or any member of the putative class has any basis to obtain any relief from Defendant, and denies each and every other allegation in Paragraph 58.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to obtain any of the relief set forth in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Claim)

Plaintiff's FAC, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Choice of Law)

Plaintiff's FAC, in whole or in part, is barred because of the choice of law provision included in Plaintiff's contract with Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Venue)

Plaintiff's FAC, in whole or in part, is barred because of the venue provision included in Plaintiff's contract with Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Private Right of Action)

Plaintiff's claims, in whole or in part, are barred because the California Legislature did not include a private right of action in the automatic renewal law.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to assert the claims, in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Standing)

Plaintiff's claims, in whole or in part, are barred because she lacks statutory standing under California Business & Professions Code sections 17200, *et seq.,* and, to the extent applicable, under California Business & Professions Code sections 17500, *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims, in whole or in part, are barred by release, estoppel, laches, waiver and/or other equitable doctrines.

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

ACTIVE/85712584.2

9

## EIGHTH AFFIRMATIVE DEFENSE

### (Damages Unduly Speculative)

Plaintiff's claims for damages, if any, are barred because such damages, if they exist, are uncertain, vague, speculative and/or remote and therefore not recoverable.

## NINTH AFFIRMATIVE DEFENSE

### (Cause of Injuries)

Plaintiff's alleged injuries, if any, were caused, in whole or in part, by Plaintiff's own conduct, or the conduct of third parties.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent)

Plaintiff's claims are barred because Plaintiff failed to perform her contractual obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if any, alleged in the FAC, so that any recovery must be eliminated or reduced in direct proportion to such failure to mitigate.

## THRITEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual Damages)

Plaintiff's claims are barred, in whole or in part, because she suffered no actual damages as a result of the actions alleged in the Complaint.

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

ACTIVE/85712584.2

10

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

Plaintiff's alleged injuries, if any, were not proximately caused by any alleged conduct, act, omission, or breach of duty of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

Plaintiff's claims are barred, in whole or in part, because Defendant has acted in substantial compliance with each and every term of applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith at all relevant times.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Setoff/Plaintiff's Recovery Limited by Benefits Obtained)

Plaintiff's recovery is limited by the benefits she obtained from the products she allegedly purchased.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Amend)

Defendant expressly reserves its right to amend this Answer, including, but not limited to, asserting additional defenses or making additional claims for further relief, as discovery in this action shall warrant, or in the event of any future change in the nature and scope of this lawsuit.

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

## TWENTYTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the FAC, Code42 respectfully requests:

A. That Plaintiff takes nothing by way of the FAC;

B. That the FAC be dismissed in its entirety with prejudice, denying each and every request for relief made by Plaintiff;

C. That Code42 be awarded attorney fees, costs and disbursements incurred in defending this action; and,

D. That the Court grant any such other and future relief that the Court deems proper.

Respectfully submitted,

Dated: April 28, 2016   By: /s/ Steven A. Ellis
STEVEN A. ELLIS
*sellis@goodwinprocter.com*
GALEN A. PHILLIPS
*gphillips@goodwinprocter.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendants:
CODE42 SOFTWARE, INC.

ACTIVE/85712584.2              12

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and L.R. 38-1, Code42 hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: April 28, 2016   By:  /s/  Steven A. Ellis
STEVEN A. ELLIS
*sellis@goodwinprocter.com*
GALEN A. PHILLIPS
*gphillips@goodwinprocter.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendants:
CODE42 SOFTWARE, INC.