PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Richard H. Hikida, Bar No. 196149
rhikida@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KISSEL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CODE 42 SOFTWARE, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>  Defendants. | Case No. 8:15-cv-01936-JLS-KES<br><br>**DECLARATION OF SCOTT J. FERRELL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Date:  September 1, 2017<br>Time:  2:30 p.m.<br>Courtroom:  10-A<br>Judge:  Josephine L. Staton |

# DECLARATION OF SCOTT J. FERRELL

I, Scott J. Ferrell, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California, as well as all of the federal judicial districts therein. I am the founding partner of Pacific Trial Attorneys (formerly known as Pacific Trial Attorneys), counsel for Plaintiff Jordan Kissel ("Plaintiff"), and proposed Class Counsel for this action. I have personal knowledge of the matters set forth herein, and could and would competently testify to them under oath if called as a witness.

2. Attached hereto as Exhibit A is a true and correct copy of the proposed Class Action Settlement Agreement in this Action ("Settlement Agreement") executed by Plaintiff and Defendant Code42 Software, Inc. ("Code42").

3. Plaintiff initiated this action against Code42 by filing her initial complaint on November 19, 2015 (Dkt. No. 1). Plaintiff thereafter filed her First Amended Complaint (FAC) on February 10, 2016, which withstood Code42's Motion to Dismiss (*Kissel v. Code 42 Software, Inc.* (C.D. Cal., Apr. 14, 2016) 2016 WL 7647691 (Dkt. No. 25)). In her FAC, Plaintiff four causes of action for violations of the Automatic Renewal Law and California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq.*) ("UCL"). Specifically, she alleges that Code42: (1) violated Business & Professions Code § 17602(a)(l)) by failing to present automatic renewal offer terms and/or continuous service offer terms "clearly and conspicuously" and in "visual proximity" "to the request for consent to the offer" (First Cause of Action); (2) violated sections 17602(a)(2) and 17603 by failing to obtain Plaintiff's affirmative consent before the subscription was fulfilled (Second Cause of Action); (3) violated sections 17602(a)(3) and 17602(b) by failing to provide an acknowledgment with automatic renewal offer terms and information regarding Code42's cancellation policy (Third Cause of Action); and (4) due to these enumerated violations, in turn, violated the UCL (Fourth Cause of Action). Both Class Representative and Class Counsel believe that these claims have substantial merit.

4. The Settlement Agreement was the result of arm's length bargaining by the Parties from positions of informed strength. Before entering into the Settlement, the Parties had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions, namely through the briefing of Code42's Motion to Dismiss, as well as research on similar auto-renewal action case law, orders, resolutions, and class-wide settlements. Before entering into the Settlement Agreement, Class Counsel conducted extensive analysis of Plaintiff's claims and Defendant's defenses, including factual and legal research, and engaged in an informal, mutual exchange of discovery.

5. The Settlement Agreement resulted from lengthy and detailed negotiations based on the investigation and discovery obtained by both Parties, which, after efforts by Plaintiff and Class Counsel, resulted in substantial benefit for the Settlement Class, including monetary relief, and Code42's implementation of revised pre-purchase auto-renewal disclosure practices, and post-purchase acknowledgment procedures.

6. Class Counsel believes that the settlement with Code42 for the consideration and terms set forth in the Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by Defendant. Class Counsel believes, based on informal discovery, case law, and negotiations with Code42, that the monetary benefit and injunctive relief provided under by Settlement Agreement is robust. Class Counsel anticipates either no objectors, or only an extremely small number of objectors considering that every member of the Settlement Class is eligible to receive a monetary benefit, and is already benefitting from Code42's revised practices if they've opted to maintain their renewing subscription with Code42. This Settlement Agreement provides certainty of relief to Plaintiff and the Settlement Class.

7. Class Counsel is experienced in similar types of litigation, having represented both plaintiffs and defendants in high stakes class action matters. In the past 10 years, I have personally been lead counsel in over 100 class actions,

representing both class plaintiffs as well as high-profile corporate defendants (including Dell, Carl's Jr., Islands Restaurant, LA Fitness, Yoshinoya, Chevron, Public Storage, OceanSpray, 7-Eleven, and many others).

8.   I have been fortunate to receive many awards and recognitions from my peers.  A few examples include: (1) Top 100 SuperLawyer in Southern California by Thomson Reuters' SuperLawyers rating service from 2012-2016; (2) "Top 20 Under 40" by the *California Daily Journal* (an annual list of the twenty most influential attorneys in California under Age 40); and (3) Top 50 SuperLawyer in Orange County from 2012-2016.

9.   In recent years, I have tried over a dozen high-profile cases to verdict, many of which have received substantial media coverage.  Some of such articles include: (1) Townsend, *Rejected:  Claim that Del Taco Restrooms Inadequate* (Orange County Register December 18, 2008) (describing trial victory in which jury deliberated 13 minutes); (2) Schwada, *Prosecutors Say Disabled Man Running Lawsuit Scam* (Fox News September, 2008); (3) Barron, *After Losing Discrimination Claim, Man Faces Investigation* (California Daily Journal, June 10, 2008); (4) Heimpel, *Jury Rejects Wheelchair-User's Claim Against Marie Callender;* (California Daily Journal August 21, 2007); and (5) DeBenedictis, *Prop 65 Case Blows Up in Admission of No Fault*, (California Daily Journal, November 15, 2004).

10.   Among the cases that I have tried to verdict was a 2006 trial in the Southern District of California in the case of *Nortel Networks, Ltd. v. Platinum Networks, Inc.*, Case No. Case No. 04-CV-1968-IEG, in which a jury unanimously awarded my client over $47,000,000 in damages.  At the time, the San Diego Union-Tribune advised that this verdict was the largest punitive damages verdict in California in 2006.  *See* Washburn, *Nortel Awarded $47.4 Million in Punitive Damages* (San Diego Union-Tribune, June 3, 2006.)

11.   I frequently lecture regarding class action strategy at events sponsored by bar associations and continuing legal education.  I also previously served on the

Steering Committee of the *Plaintiff's Class Action Forum*, an invitation-only organization sponsored by a Continuing Legal Education provider, Cambridge International. In 2013 I chaired a state-wide class action Continuing Legal Education conference sponsored by Bridgeport Continuing Education.

12. My published opinions include: (1) *Rivera v. Bio Engineered Supplements & Nutrition, Inc.*, 2008 WL 4906433 (Nov. 2008); *In Re BCBG*, 163 Cal. App. 4th 1293 (June 2008); (2) *Chalk v. T-Mobile USA, Inc.*, 2006 WL 2599506, (Sept. 2006); (3) *Wolski v. Fremont Investment & Loan*, 127 Cal. App. 4th 347 (2005); (4) *Pollard v. Ericsson*, 125 Cal. App. 4th 214 (2004); (5) *Knevelbaard v. Public Storage, Inc.*, 2004 WL 2185849 (Sept. 2004); (6) *Consumer Cause, Inc. v. Emerging Vision, Inc.*, 2004 WL 717001 (Mar. 2004); *Kissel v. Code 42 Software, Inc.*, 2016 WL 7647691 (C.D. Cal., Apr. 14, 2016).

13. The attorneys at Pacific Trial Attorneys and I have served as lead counsel in literally hundreds of class actions involving billions of dollars of claims. We are extensively experienced in representing clients in class action matters. I have been approved as class counsel in various actions, including *Rivera v. Bio Engineered Supplements & Nutrition, Inc.*, United States District Court, Central District of California, 2008 WL 4906433 (Nov. 2008), *Williams et al. v. Biotab Nutraceuticals, Inc.* et al, Case Nos. BC 414808 and 415948 (Los Angeles Superior Court 2010), *Delarosa v. Boiron, Inc.*, and *Doe v. DSM Nutritional Products, Inc. et al.*, Case No. 0-2011-00510631-CU-MT-CXC (Orange County Superior Court 2016). Pacific Trial Attorneys also had class settlements given final approval where it represented the defendant in the matter *Toston v. CKE Restaurants, Inc.*, Case No. CIVSS 706431 (San Bernardino Superior Court) and *Carl Karcher Wage And Hour Cases I (Hourly Cases)*, Case No. JCCP NO. 4537 (Santa Barbara Superior Court).

14. Based on my extensive experience in consumer class action litigation, I believe that the Settlement Agreement reached in this case is fair, adequate and reasonable. This Settlement protects the interests of the Class Members while at the

same time providing certainty and closure. As experienced lawyers, Class Counsel recognizes that there are always attendant risks to litigation, including the burden and uncertainty of trial. After detailed negotiations with Code42's counsel, who likewise has expansive class action experience, it seems ongoing litigation would necessarily incur ongoing litigation costs and would make settlement, and obtaining relief for the Class, more difficult. Any benefit of continued litigation, even if Plaintiff is successful at trial, would be compromised by further delay in relief to the Settlement Class through inevitable post-trial motions and appeals of any judgment Plaintiff is able to obtain. More importantly, Plaintiff may not be able to obtain any relief if Code42 is able to succeed in any dispositive motions at trial against Plaintiff's claims.

15. In reaching the Settlement Agreement, Class Counsel has taken into account the uncertain outcome and risk of litigation, keeping in mind the inherent problems of proof and alleged defenses to the causes of action asserted in the action. Under these circumstances, costs to Plaintiff and the Class will continue to increase, while recovery, if any, would be delayed, thereby reducing the benefits of victory at trial. A substantial benefit has been obtained for Class Members as well as for future consumers of Code42's eservices, and it is unlikely, in the opinion of experienced Class Counsel, that a significantly better benefit can be obtained through continued litigation, short of a full victory on Plaintiff's necessary (and likely opposed) motion for class certification and trial, and at the appellate level.

16. The Notice Plan provided in this Settlement Agreement is direct to Class Members, as is the monetary benefit, and as such, it is the best notice and distribution practicable. Direct Notice will be provided to Settlement Class Members via the emails associated with their Code42 account, and where necessary, a supplemental Postcard Notice will be provided to Class Members' registered address. As such, it is anticipated that all Class Members will receive Notice of the Settlement Agreement.

1  I declare under penalty of perjury under the laws of the State of California that
2  the foregoing is true and correct, and that this declaration was executed on July 24,
3  2017, at Newport Beach, California.
4
5                                        */s/Scott J. Ferrell*
6                                              Scott J. Ferrell

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2017, I electronically filed the foregoing **DECLARATION OF SCOTT J. FERRELL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                    */s/ Scott J. Ferrell*
                    Scott. J. Ferrell