# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of July 24, 2017, between (a) Plaintiff Jordan Kissel ("Kissel" or "Plaintiff"), on her own behalf and on behalf of the members of the Settlement Class (as defined below), and (b) Defendant Code42 Software, Inc. ("Code42" or "Defendant") (collectively the "Parties").

## <u>RECITALS</u>

WHEREAS, on November 19, 2015, Plaintiff filed a putative class action in the United States District Court for the Central District of California, captioned as *Jane Doe v. Code42 Software, Inc.*, *et al.*, No. 8:15-cv-01936 (the "Action");

WHEREAS, on February 10, 2016, Plaintiff filed a First Amended Complaint ("FAC") in the Action, including a revised caption, *Jordan Kissel v. Code42 Software, Inc. et al.*;

WHEREAS, following the Court's denial of Code42's motion to dismiss, Code42 filed an answer to the FAC in the Action on April 28, 2016, denying the material allegations in the FAC, denying that Plaintiff or the members of the putative class had any basis to obtain any relief from Defendant (whether individually or collectively), and asserting various affirmative defenses;

WHEREAS, since November 2015, the Parties have conducted a thorough investigation into the facts and law underlying Plaintiff's claims in the Action and have also engaged in extensive settlement negotiations;

WHEREAS, Defendant has denied and continues to deny the material allegations in the Action, has denied and continues to deny any wrongdoing and any liability to Plaintiff or any member of the Settlement Class, in any amount, in connection with the claims asserted in the Action, has denied that class certification is required or appropriate, and contends that it would prevail in the Action;

WHEREAS, Plaintiff maintains that she and the members of the Settlement Class would prevail in the Action and that class certification was and remains appropriate;

WHEREAS, Class Counsel (as defined below) has conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, and conducted a further investigation to determine how best to serve the interests of the members of the putative class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the settlement terms provided for in this Agreement;

WHEREAS, Plaintiff desires to settle the Action and all matters within the scope of the Release set forth herein, both on her own behalf and on behalf of the members of the Settlement Class, having taken into account the risks, delay, and difficulties involved in maintaining class certification, establishing liability, the likelihood of recovery in excess of that offered by this Settlement Agreement, the desirability of receiving timely compensation, and the likelihood that further litigation of the Action would be protracted and expensive;

WHEREAS, based upon their investigation and consideration of the risks of continuing to litigate this Action, both Plaintiff and Class Counsel believe that it is desirable and in the best interests of the members of the Settlement Class to enter into this Settlement Agreement;

WHEREAS, although Defendant denies any wrongdoing and any liability whatsoever to Plaintiff and the members of the Settlement Class, Defendant believes that it is desirable and in its best interest to settle the Action and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of litigation, and in order to put to rest the claims that have been asserted in the Action and/or are within the scope of the Release;

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged herein, Plaintiff, individually and as representative of the Settlement Class, and Code42 agree, subject to the approval by the Court of the Settlement, as follows:

## I.    **DEFINITIONS**

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01    "Action" means the litigation filed in the United States District Court for the Central District of California, captioned as *Jordan Kissel v. Code42 Software, Inc.*, *et al.*, Case No. 8:15-cv-01936.

1.02    "Agreement" or "Settlement Agreement" means this Settlement Agreement.

1.03    "Automatically Renewing Service" means any product or service purchased from Code42 by a "Consumer" (as that term is defined in California Business and Professions Code section 17601(d)) in California pursuant to a plan or arrangement that falls within the definitions of either an "Automatic Renewal" or "Continuous Service" in California Business and Professions Code sections 17601(a) and (e).

1.04    "Benefit Payment" means the Paypal payment, negotiable check or other payment instrument to be sent to the members of the Settlement Class pursuant to the provisions of this Agreement.

1.05    "Claim Form" is defined in Paragraph 4.07, below.

1.06    "Class Counsel" means Pacific Trial Attorneys, APC (formerly Newport Trial Group, APC), Scott J. Ferrell, Richard H. Hikida, David W. Reid, Victoria C. Knowles and any other attorney who appears as counsel of record for Plaintiff in the Action.

1.07    "Class Notice" means the notice of the Settlement that will be sent to members of the Settlement Class by e-mail pursuant to the provisions of this Agreement.

1.08    "Class Period" is defined in Paragraph 2.01, below.

2

1.09    "Common Fund" means the fund of Four Hundred Thousand Dollars ($400,000) to be placed on deposit with the Settlement Administrator by Code42 pursuant to the provisions of this Agreement.

1.10    "Counsel for the Defendant" or "Defendant's Counsel" means Steven A. Ellis and Galen A. Phillips of Goodwin Procter LLP and any other attorney who appears as counsel of record for Code42 in the Action.

1.11    "Court" means the Honorable Josephine L. Staton, United States District Court Judge for the Central District of California, and/or such other judge to whom the Action, or a proceeding in the Action, may hereafter be assigned.

1.12    "Court Approval Hearing" means the hearing set by the Court to consider the motion for final approval of the Settlement.

1.13    "Court Approval Judgment" means the judgment of the Court approving the Settlement consistent with the terms of this Agreement and dismissing all claims in the Action with prejudice.

1.14    "Court Approval Order" means the order or orders of the Court granting final approval to the terms and conditions of this Agreement.

1.15    "Defendant" means defendant Code42.

1.16    "Final Approval" means the last date on which all of the following have occurred:

(a)    The Court has issued all necessary orders under Federal Rule of Civil Procedure 23 giving final approval to the Settlement;

(b)    The Court has entered the Court Approval Judgment;

(c)    The time for an appeal from the Court Approval Judgment has expired, and either (i) no appeal has been filed; or (ii) if one or more appeals are filed, all such appeals have been dismissed or fully and finally resolved, the Court Approval Judgment has been affirmed or otherwise upheld in all respects, and all further appellate remedies (whether as of right or by petition for certiorari) are exhausted; and

(d)    No Party with a right to do so has terminated the Agreement.

1.17    "Final Settlement Class Member List" means a list created by the Settlement Administrator following entry of the Court Approval Judgment that will contain the name, email address, and last known address of each member of the Settlement Class, based upon (a) the reasonably accessible records of Code42 provided to the Settlement Administrator following Preliminary Approval pursuant to the provisions of this Agreement and (b) updated or supplemental contact information obtained by the Settlement Administrator, including information obtained from the U.S. Postal Service, from Class Counsel, and from members of the Settlement Class themselves (whether through the notice program or otherwise). The Final

Settlement Class Member List will not include any person who has submitted a valid Request For Exclusion.

1.18    "Material Event" means a private lawsuit, or a lawsuit, investigation, order, injunction or restraining order, or any type of formal governmental proceeding or action, civil investigative demand (or similar process), administrative subpoena, or administrative investigation by a federal, state, or local administrative agency, official, board, or commission that poses a risk of (a) rendering any material aspect of this Settlement impracticable, (b) defeating, restricting, or limiting the scope of the Release; (c) resulting in a substantial increase in either Party's obligations to persons who are or could qualify as members of the Settlement Class; and/or (d) resulting in penalties to be paid to any state, federal, or local government and/or agency in connection with conduct or omissions by either Party in connection with any of the Automatically Renewing Services within the scope of the Release.

1.19    "Net Common Fund" means the portion of the Common Fund to be distributed to members of the Settlement Class. The Net Common Fund will be equal to the portion of the Common Fund remaining following payment of (a) the amount approved by the Court to be paid to Class Counsel for fees and costs/expenses as set forth in Section 4.21; (b) any amount approved by the Court to be paid to Plaintiff as a Service Payment as set forth in Section 4.21; and (c) the actual and reasonable costs incurred by the Settlement Administrator in providing notice to members of the Settlement Class and administering the settlement, including a reasonable estimate of the future costs to be incurred by the Settlement Administrator in connection with future tasks relating to administration of the Settlement, including sending payment to members of the Settlement Class

1.20    "Objection" is defined in Paragraph 4.16, below.

1.21    "Party" means either Plaintiff or Defendant, and "Parties" means Plaintiff and Defendant, collectively.

1.22    "Plaintiff" means plaintiff Jordan Kissel.

1.23    "Postcard Notice" means the notice of the Settlement that will be sent to certain members of the Settlement Class by regular mail pursuant to the provisions of this Agreement.

1.24    "Preliminary Approval Order" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement.

1.25    "Preliminary Approval Date" means the date on which the Preliminary Approval Order is entered by the Court. If multiple orders are entered by the Court that, taken together, constitute the Preliminary Approval Order, the Preliminary Approval Date shall be the date on which the last of such orders is entered.

1.26    "Release" means the release of claims set forth in Paragraphs 6.01 to 6.03 of this Agreement.

1.27    "Released Claims" is defined in Paragraph 6.01, below.

1.28    "Released Persons" is defined in Paragraph 6.01, below.

1.29    "Releasing Persons" is defined in Paragraph 6.01, below.

1.30    "Request For Exclusion" means a valid exercise of exclusion or "opt out" rights received from a member of the Settlement Class pursuant to the provisions of this Agreement and applicable law.

1.31    "Service Payment" means the amount awarded, if any, to the Plaintiff by the Court upon application pursuant to the provisions of this Agreement as set forth in Section 4.21.

1.32    "Settlement" means the resolution of the matters pursuant to the terms of this Agreement and the completion of all conditions and requirements established by the Court.

1.33    "Settlement Administrator" means the *bona fide* person or entity in the business of class action settlement administration mutually agreeable to the Parties and approved by the Court.

1.34    "Settlement Class" is defined in Paragraph 2.01, below.

1.35    "Settlement Website" is defined in Paragraph 4.05, below.

1.36    As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise.  All references to days shall be interpreted to mean calendar days, unless otherwise noted.  When a deadline or date falls on a weekend or a legal holiday, the deadline or date shall be extended to the next day that is not a weekend day or legal holiday.

1.37    Other terms are defined in the text of this Agreement, and shall have the meaning given to those terms in the text.  It is the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.    <u>SETTLEMENT CLASS</u>

2.01    Plaintiff will, pursuant to the provisions of this Agreement, seek certification of a Settlement Class defined as follows:

All "Consumers" (as that term is defined by California Business and Professions Code § 17601(d)) within the State of California who purchased any product or service from Code42 as part of an "Automatic Renewal" or "Continuous Service" plan or arrangement (as those terms are defined by California Business and Professions Code § 17601(a) and (e)) between November 19, 2011 and November 19, 2015, inclusive (the "Class Period"), and who were subsequently charged by and paid Code42 one or more fees for the renewal of the product or service beyond the original term prior to July 24, 2017, the effective date of the Settlement Agreement.  Excluded from the Settlement Class are the officers and directors of Code42, members of the immediate families of the officers and

directors of Code42, and their legal representatives, heirs, successors or assigns, and any entity in which they have or have had a controlling interest.

### III.    SETTLEMENT FUND AND ADDITIONAL BENEFITS

3.01    Code42 will, pursuant to the provisions of this Agreement, create a Common Fund in the total amount of Four Hundred Thousand Dollars ($400,000) for the payments to members of the Settlement Class, payment of claims administration, attorneys' fees and costs, a Service Payment to Plaintiff, and all other items of liability.  The Common Fund will be held in the possession of, and will remain under the control of, the Settlement Administrator, in an interest-bearing account.

3.02    On or about November 19, 2015, in response to a demand letter sent by Class Counsel, Code42 revised and enhanced its disclosures and acknowledgments to consumers relating to the Automatically Renewing Services offered to Consumers in the State of California. Specifically, pursuant to California Business & Professions Code § 17602(a)(1), (2), Code42 presents its automatic renewal offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled, and is presented in visual proximity to the request for consent to the offer on its website, thus ensuring consumers' affirmative consent to the agreement containing the automatic renewal offer terms.  Additionally, in accordance with section 17602(a)(3), Code42 now provides an acknowledgment that includes the automatic renewal or continuous service offer terms, its cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.   In its acknowledgment, Code42 likewise provides a toll-free telephone number, electronic mail address, and a postal address which provides a cost-effective, timely, and easy-to-use mechanism for cancellation of the automatically renewing subscription in compliance with section 17602(b).  Code42 will continue to provide such disclosures, either in the form that Code42 has used since November 2015, or in some other form that complies with the provisions of California Business & Professions Code sections 17600-06, in relation to the Automatically Renewing Services that Code42 offers to Consumers in the State of California.

3.03    Within seven (7) days of the Preliminary Approval Date, Code42 will deposit the sum of One Hundred Thousand Dollars ($100,000) with the Settlement Administrator.  Within sixty (60) days of the Preliminary Approval Date, Code42 will deposit the additional sum of Three Hundred Thousand Dollars ($300,000) with the Settlement Administrator.  These two deposits, totaling Four Hundred Thousand Dollars ($400,000), will constitute the entire funding of the Common Fund and the entire financial obligation of Code42 in connection with the Settlement.

3.04    The Common Fund created by this Settlement Agreement is a full-distribution, non-reversionary fund.  Except as set forth below in Paragraph 4.06, members of the Settlement Class will not be required to submit claim forms to receive payment.  Except as set forth below in Paragraph 3.06, Code42 will have no right to reversion of any portion of the Common Fund.

3.05    Subject to the terms and conditions of this Settlement Agreement, within thirty (30) days of Final Approval, the Settlement Administrator will pay, from the Common Fund, (a) the amount approved by the Court to be paid to Class Counsel for fees and costs; (b) any

amount approved by the Court to be paid to Plaintiff as a Service Payment; and (c) the actual and reasonable costs incurred by the Settlement Administrator in providing notice to members of the Settlement Class and administering the settlement, including a reasonable estimate of the future costs to be incurred by the Settlement Administrator in connection with future tasks relating to administration of the Settlement, including sending payment to members of the Settlement Class. The Settlement Administrator will then distribute the amount remaining in the Common Fund (the "Net Common Fund") to the members of the Settlement Class (excluding those who submitted valid Requests For Exclusion) in equal shares, subject to the procedures set forth in this Agreement.

3.06    In the event that the Court denies the motion for entry of the Court Approval Judgment (in whole or in part), or the entry of the Court Approval Judgment is reversed or vacated (in whole or in part) on appeal, or the Settlement is terminated by agreement of the Parties or by the exercise of any Party's right to terminate, or Final Approval does not occur for any other reason, then the Settlement Administrator shall pay to itself from the Common Fund the actual and reasonable costs incurred by the Settlement Administrator in connection with the Settlement, and then immediately return the full amount of the remaining balance of the Common Fund to Code42.

## IV.    SETTLEMENT PROCEDURES

A.    Preliminary Approval.

4.01    Within thirty (30) days after the execution of this Settlement Agreement, Class Counsel shall move the Court for an order certifying the Settlement Class and for a Preliminary Approval Order.  The Preliminary Approval Order shall provide that the Court (a) preliminarily approves the terms and conditions of this Settlement Agreement as within the range of a fair, reasonable, and adequate settlement; (b) sets a date for a Court Approval Hearing; (c) approves the proposed Class Notice in the form attached hereto as Exhibit A and authorizes its dissemination to the Class pursuant to the terms of this Agreement; (d) approves the proposed Postcard Notice in the form attached hereto as Exhibit B and authorizes its dissemination to the Class pursuant to the terms of this Agreement; (f) sets deadlines consistent with this Agreement for distribution of the Class Notice, the publication of the Publication Notice, the filing of Objections, the filing of motions, the submission of Requests For Exclusion, the filing of an application by Class Counsel for fees and costs, the filing of an application by Class Counsel for a Service Payment to Plaintiff, and the filing of any other papers in connection with the Court Approval Hearing; (g) appoints and approves the Settlement Administrator; and (h) prohibits and preliminarily enjoins Plaintiff, all members of the Settlement Class (excepting those who submit Requests For Exclusion), and Class Counsel from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release during the time between entry of the Preliminary Approval Order and final determination by the Court regarding whether to grant final approval to the Settlement.  Class Counsel will share drafts of the motions for certification of the Settlement Class and for the Preliminary Approval at least seven (7) days before filing these motions with the Court, and in the event that Defendant has any objections to the motions, Class Counsel and Defendant's Counsel will meet and confer in an attempt to resolve any such objections.

B.    <u>Notice</u>.

4.02    Within fifteen (15) days of the Preliminary Approval Date, Code42 will provide the list of the names and current email addresses of the members of the Settlement Class to the Settlement Administrator, based upon Code42's current and most up to date business records. Code42 will not be required to conduct any further research into the names and email addresses of the members of the Settlement Class. Class Counsel may have access to the names and email addresses provided by Code42 to the Settlement Administrator, but Class Counsel may use such information only for purposes related to the Action and the Settlement; Class Counsel may not disseminate such information and may not use the information for any other purpose whatsoever (including, without limitation, for purposes of pursing other litigation). Class Counsel may in its discretion, but is not required to, conduct further research into the contact information of the members of the Settlement Class, at Class Counsel's own expense, and may share the results of such research (including further contact information) with the Settlement Administrator.

4.03    Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator shall e-mail the Class Notice to each member of the Settlement Class at the email addresses provided by Code42 (as supplemented by any additional information provided by Class Counsel). The Settlement Administrator shall have discretion to revise the format of the Class Notice in a reasonable manner to minimize e-mailing or administrative costs.

4.04    If the Settlement Administrator receives notice that any Class Notice sent to a member of the Settlement Class is undeliverable or if Class Notice otherwise "bounces back," the Settlement Administrator will notify Code42 and request that Code42 provide a physical mailing address for the member of the Settlement Class for whom the Class Notice was undeliverable. Code42 will provide the most recent physical mailing address for each such member of the Settlement Class (if any) that is reasonably accessible in Code42's records, within seven (7) days of the request from the Settlement Administrator. Within seven (7) days of the receipt of a physical mailing address for a member of the Settlement Class from Code42, the Settlement Administrator will mail a Postcard Notice to the member of the Settlement Class at the address provided by Code42. If the Postcard Notice is returned by the U.S. Postal Service as undeliverable, the Settlement Administrator will mail a Postcard Notice to the forwarding address, if any, provided by the U.S. Postal Service. If the returned Postcard Notice does not include a forwarding address, the Settlement Administrator will provide Class Counsel with the name and address of the member of the Settlement Class for whom the Postcard Notice was returned. Class Counsel may in its discretion, but is not required to, conduct further research into the contact information for the member of the Settlement Class for whom the Postcard Notice was returned, at Class Counsel's own expense, and may share the results of such research (including additional contact information) with the Settlement Administrator. In the event that Class Counsel provides additional contact information to the Settlement Administrator, the Settlement Administrator will mail the Postcard Notice to the member of the Settlement Class at the address provided by Class Counsel. Other than as set forth above, neither the Parties nor the Settlement Administrator will have any other obligation to send or resend the Class Notice or the Postcard Notice.

4.05    Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator shall initiate a website containing information about the Settlement (the

"Settlement Website"). The Settlement Website will have links that provide a viewer with information regarding (a) the Action, (b) the Settlement, (c) the key deadlines in the Settlement process; (d) how to submit a Claim Form, and (e) how to contact the Settlement Administrator or Class Counsel for more information. The Settlement Website will be administered by the Settlement Administrator. The Settlement Website will be available prior to the date of the emailing of the Class Notice and will remain available until at least ninety (90) days after the Settlement payments have been distributed to members of the Settlement Class.

4.06    Beginning within thirty (30) days of the Preliminary Approval Date, and continuing until one-hundred eighty (180) days after Final Approval, the Settlement Administrator shall maintain an address and toll-free telephone number to receive inquiries with regard to the Settlement. The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions of this Agreement and any order of the Court, have the right to respond to inquiries from members of the Settlement Class concerning the Settlement at any time. Counsel for the Defendant shall also have the right (but not the obligation) to respond to inquiries directed to them by members of the Settlement Class but will make a good faith effort to inform Class Counsel of any oral communication with members of the Settlement Class and will copy Class Counsel on any written communications with members of the Settlement Class.

4.07    Members of the Settlement Class will not be required to submit a claim form to receive benefits under this Settlement Agreement. Individuals who believe that they are or may be members of the Settlement Class but who do not receive a Class Notice may, however, submit a claim form to the Settlement Administrator to request that they be included on the Final Settlement Class Member List and receive a Benefit Payment following Final Approval. The Settlement Administrator will make a claim form (substantially in the form attached hereto as Exhibit C) (the "Claim Form") available on the Settlement Website and will also send a copy of a Claim Form to any individual who requests one prior to the Court Approval Hearing. The Settlement Administrator will distribute copies of all Claim Forms that it receives to Class Counsel and Defendant's Counsel. If Class Counsel and Defendant's Counsel agree that a particular Claim Form is valid, the person submitting the Claim Form will be included in the Final Settlement Class Member List. If Class Counsel and Defendant's Counsel agree that a particular Claim Form is not valid, the Settlement Administrator will notify the person who submitted the Claim Form, and the person will not be included in the Final Settlement Class Member List. If Class Counsel and Defendant's Counsel disagree as to the validity of a particular Claim Form, they will meet and confer in an attempt to resolve their disagreement. If they cannot agree, they will submit their dispute to the Court for resolution.

4.08    Defendant shall provide, or cause the Settlement Administrator to provide on Defendant's behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

4.09    Other than as set forth in this Section IV of the Agreement, there shall be no other provision for notice of the Settlement.

C.    <u>Requests For Exclusion</u>.

4.10    Each member of the Settlement Class may request exclusion from the Settlement Class, subject to the provisions of this Agreement.  Any person who completes and submits a valid Request For Exclusion will be excluded from the Settlement Class and the Settlement, will not receive any payment or other benefit from the Settlement, and will not be bound by the terms of this Settlement Agreement.  Any person who validly completes a Request For Exclusion will not have standing to object to certification of the Class, to object to the terms of Settlement, or to intervene in the Action.

4.11    To exercise the right to request exclusion, a member of the Settlement Class must, prior to the deadline set by the Court, complete and mail a Request For Exclusion to the Settlement Administrator.  The Class Notice and the Settlement Website will inform each member of the Settlement Class of the right to request exclusion, the deadline for exercise of that right, and the address to which Requests For Exclusion must be sent.  For a Request For Exclusion to be valid, it must (a) state the full name of the member of the Settlement Class requesting exclusion; (b) identify the e-mail address associated with the Code42 account that the member of the Settlement Class uses or used; (c) contain the original signature of the member of the Settlement Class (or the original signature of a person authorized by law to act on behalf of the member of the Settlement Class, such as an attorney, trustee, guardian, or person acting under a power of attorney); and (d) unequivocally state the intent of the member of the Settlement Class to be excluded from the Class and the Settlement.  No person may validly request exclusion for, or purport to opt-out, members of the Settlement Class as a group, aggregate, or class or request exclusion for more than one member of the Settlement Class on a single Request For Exclusion; any such purported Request For Exclusion shall be void.  Members of the Settlement Class that are the subject of a void or invalid purported Request For Exclusion shall continue to be treated as members of the Settlement Class.

4.12    Following the deadline set by the Court for members of the Settlement Class to request exclusion, Class Counsel, Counsel for the Defendant, and the Settlement Administrator shall work together to create a comprehensive list of valid Requests For Exclusion and file the list with the Court under seal to protect the privacy interests of the individuals who have exercised their exclusion rights.  In the event of a dispute or disagreement regarding whether a communication is a valid Request For Exclusion, Class Counsel and Counsel for the Defendant shall meet and confer and attempt to resolve the dispute; in the event that Class Counsel and Counsel for the Defendant are unable to resolve the dispute, the dispute may be submitted to the Court for resolution.  The failure of Defendant to dispute a Request For Exclusion shall not constitute a waiver, determination, finding, or admission by Defendant that the person submitting a Request For Exclusion would otherwise have been a member of the Settlement Class.

4.13    No person who submits a valid Request For Exclusion will be included on the Final Settlement Class Member List.  No person who submits a valid Request For Exclusion will receive a Benefit Payment or be bound by the terms of this Settlement Agreement.

4.14    Any member of the Settlement Class who does not complete and submit a valid Request For Exclusion will be part of the Settlement Class.  Upon Final Approval, all members of the Settlement Class who did not complete and submit a valid Request For Exclusion will be

bound by the Settlement (including the Release), and will be entitled to receive a Benefit Payment (subject to the provisions of this Agreement).

D.    Objections, Motions, and Appearances at the Court Approval Hearing.

4.15    Any member of the Settlement Class who does not complete and submit a valid Request For Exclusion may object to the Settlement or to certification of the Settlement Class, subject to the provisions of this Agreement.

4.16    To exercise the right to object, a member of the Settlement Class must, prior to the deadline set by the Court, complete a written objection ("Objection"), file the Objection with the Court, and serve the Objection on Class Counsel and Counsel for the Defendant.  The Class Notice and the Settlement Website will inform each member of the Settlement Class of the right to object, the deadline for exercise that right, and the addresses of the Court, Class Counsel, and Counsel for the Defendant.  For an Objection to be valid, it must (a) state the full name, current address, and telephone number of the member of the Settlement Class submitting the Objection; (b) identify the e-mail address associated with the Code42 account that the member of the Settlement Class uses or used; (c) state that the member of the Settlement Class objects to the Settlement, or to certification of the Settlement Class, in whole or in part; (d) state the legal and/or factual basis for the Objection; and (e) provide copies of any documents that the member of the Settlement Class wishes the Court to consider in connection with the Objection.  An Objection may be served and filed by a member of the Settlement Class or by a person authorized by law to act on behalf of the member of the Settlement Class (such as an attorney, trustee, guardian, or person acting under a power of attorney).  Any person who does not submit a valid Objection in accordance with the terms of this Agreement, the Class Notice, and any order of the Court shall not be treated as having filed an Objection.

4.17    Any member of the Settlement Class may appear (either *pro se* or through counsel) at the Court Approval Hearing.  To exercise the right to appear at the Court Approval Hearing, a member of the Settlement Class must file a Notice of Appearance in the Action with the Court, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and serve the Notice of Appearance and other papers upon Class Counsel and Counsel for the Defendant within the time set by the Court.  No member of the Settlement Class shall be permitted to raise matters at the Court Approval Hearing that the member of the Settlement Class could have raised in an Objection or other paper, but failed to do so.  Any member of the Settlement Class who fails to comply with the provisions of this Agreement, the Class Notice, and any other order of the Court shall be barred from appearing at the Court Approval Hearing.

4.18    Any member of the Settlement Class who wishes to file a motion in the Action must file her or his motion with the Court, and serve it upon Class Counsel and Counsel for the Defendant, within the time set by the Court.

4.19    Unless the Court rules otherwise, the dates set forth in the Class Notice shall establish deadlines that are binding on the members of the Settlement Class and shall otherwise govern the rights of the members of the Settlement Class.

E.    Final Approval.

4.20    At the time set by the Court in advance of the Court Approval Hearing, Plaintiff
and Class Counsel shall move the Court to enter a Court Approval Order and Court Approval
Judgment.  The Court Approval Order proposed by Plaintiff and Class Counsel shall provide that
the Court (a) finally approves the Settlement as fair, reasonable, and adequate; (b) determines
that all notice and other requirements of law (whether based on statute, rule, or constitutional
provision) necessary to effectuate this Settlement have been satisfied; (c) gives the terms of the
Settlement final and complete effect; (d) directs the Parties to take all steps necessary to
effectuate the Settlement; and (e) enjoins Plaintiff, all members of the Settlement Class (except
those who have submitted valid Requests For Exclusion), and Class Counsel from commencing,
prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to
assert matters within the scope of the Release and judgment in the Action.  The Court Approval
Judgment proposed by Plaintiff and Class Counsel shall provide that the Court approves the
Settlement consistent with the terms of this Agreement and dismisses all claims in the Action
with prejudice.  Class Counsel will share drafts of the proposed Court Approval Order, the
proposed Court Approval Judgment, and the motion for entry of the Court Approval Order and
Court Approval Judgment at least seven (7) days before filing these documents with the Court,
and in the event that Defendant has any objections to the documents, Class Counsel and
Defendant's Counsel will meet and confer in an attempt to resolve any such objections.

4.21    At the time set by the Court in advance of the Court Approval Hearing, Plaintiff
and Class Counsel will file a written motion for approval of an award of attorneys' fees and
actual litigation costs incurred in the prosecution of the Action.  Class Counsel shall apply for,
and Code42 shall not oppose, an award of attorney's fees, costs and expenses of up to 25% of the
Common Fund.  Kissel shall apply for, and Code42 agrees not to oppose, an application for a
class representative incentive award not to exceed $2,500 to be paid Plaintiff Jordan Kissel from
the Common Fund.  Plaintiff and Class Counsel will recover attorneys' fees and costs only from
the Common Fund and only upon final court approval of the motion for such fees and costs.

4.22    At the time set by the Court in advance of the Court Approval Hearing, Plaintiff
and Class Counsel will file a written motion for approval of a Service Payment to Plaintiff.
Plaintiff acknowledges that the Court may deny her application for a Service Payment and
nonetheless affirms (a) that her agreement to this Settlement is not conditioned upon her receipt
of a Service Payment and (b) that she supports this Settlement even if the Court ultimately does
not approve a Service Payment to her.  Plaintiff and Class Counsel agree that the application for
a Service Payment will be based upon the work performed by, and risks undertaken by, the
Plaintiff in the prosecution of this Action.  Plaintiff will obtain a Service Payment only from the
Common Fund and only upon final court approval of the motion for such Service Payment.

4.23    Other than as set forth in this Agreement, Defendant shall have no liability for the
payment of fees or costs to Class Counsel or any other attorney or law firm who represents, has
represented, claims to represent, or claims to have represented Plaintiff, the Settlement Class, or
any member of the Settlement Class with respect to the prosecution of this Action or any other
lawsuit against Code42 concerning or relating to claims asserted in the Action or otherwise
within the scope of the Release. In the event that a lawyer, law firm or other person or entity,
other than Class Counsel, seeks an award of attorneys' fees, costs, expenses or other sums in

connection with the Action or the Settlement, any resulting award shall be paid exclusively by Class Counsel or from the Common Fund, and not under any circumstance by any additional payment by Code42.

4.24    In the event that the Court denies, in whole or in part, (a) any application made by Class Counsel for attorneys' fees and costs and/or (b) any application made by Plaintiff and Class Counsel for a Service Payment to Plaintiff, the remainder of the terms of this Agreement shall remain in full force and effect; any such denial, whether in whole or in part, shall not provide any basis for Class Counsel or Plaintiff to seek to terminate or void this Agreement.

4.25    The Parties understand and agree (and, to the extent necessary, shall advise the Court) that the Court Approval Order and Court Approval Judgment may not issue until at least ninety (90) days after the date all notices required under Paragraph 4.08 above are served upon the appropriate state and/or federal officials under 28 U.S.C. § 1715.

4.26    At the Court Approval Hearing, Plaintiff and Class Counsel shall present sufficient evidence to support the entry of a Court Approval Order and Court Approval Judgment, and shall present such evidence as they deem appropriate to support any applications for an award of attorneys' fees and costs and any application for a Service Payment to Plaintiff.

4.27    The Parties and Class Counsel agree that Plaintiff and Class Counsel will submit to Counsel for the Defendant drafts of any motions, memoranda, or other materials Plaintiff and/or Class Counsel intends to submit to the Court at least seven (7) days prior to the date any such motion, memoranda or other materials are to be filed with the Court.  Code42 shall have the right to provide comments on such motions, memoranda, or other materials, and counsel for Code42 and the Class agree to meet and confer about any disagreements relating to the content of such motions, memoranda, or other materials.

4.28    If and when the Court enters a Court Approval Judgment, the Action shall be dismissed with prejudice, with all Parties to bear their or its own costs and attorneys' fees not otherwise awarded.

## V.    <u>DISTRIBUTION OF SETTLEMENT PAYMENTS</u>

5.01    Within ten (10) days of Final Approval, the Settlement Administrator shall provide Class Counsel and Counsel for the Defendant with (a) a final calculation of the Settlement Administration Costs incurred to date and reasonably anticipated by the Settlement Administrator to be incurred to complete the remaining administration activities in connection with the Settlement; (b) the amount of the Net Common Fund; (c) the Final Settlement Class Member List; and (d) the amount of the Benefit Payment to be distributed to each person appearing on the Final Settlement Class Member List.  Within ten (10) days of the receipt of the information identified in the previous sentence of this Paragraph, Class Counsel and Counsel for the Defendant shall notify the other of any objection regarding the information provided by the Settlement Administrator.  In the event of any such objection, Class Counsel and Counsel for the Defendant shall meet and confer in a good faith effort to resolve the objection and, if such efforts are not successful, they will promptly submit the matter to the Court for resolution.

5.02    Subject to the terms and conditions of the Agreement, within the later of (a) forty-five (45) days after Final Approval or (b) fifteen (15) days after final court resolution of any objection raised pursuant to the provisions of Paragraph 5.01, the Settlement Administrator shall email to each person on the Final Settlement Class Member List a PayPal link for receipt of the Benefit Payment.  The Benefit Payment will be drawn on an account established by the Settlement Administrator and e-mailed to the email address provided for the member of the Settlement Class on the Final Settlement Class Member List or, if applicable, to any updated address, via payment by check, provided to and/or obtained by the Settlement Administrator and/or Class Counsel prior to the Final Approval.  No additional addresses for members of the Settlement Class shall be accepted by the Settlement Administrator after Final Approval.  All Benefit Payments issued pursuant to this paragraph shall contain a legend stating that the payment is void if not negotiated within one hundred eighty (180) calendar days of the date of issue.  The Settlement Administrator shall mail a reminder postcard to each person on the Final Settlement Class Member List who has not negotiated a Benefit Payment after ninety (90) days from the mailing of such Benefit Payment.

5.03    In the event that any Code42 accounts that are the subject of this Settlement Agreement are held jointly in the name of two or more persons, the Settlement Administrator will distribute a single Benefit Payment for each such account, made payable jointly to all persons identified as being associated with that account.  None of the Plaintiff, Class Counsel, Defendant, Defendant's Counsel, or the Settlement Administrator shall have any liability to any person arising from any claim regarding the negotiation of any jointly issued Benefit Payment, or the division or allocation of funds relating to any jointly issued Benefit Payment or jointly held Code42 account.

5.04    In the event that a member of the Settlement Class contacts the Settlement Administrator and states that a Benefit Payment has not been received, the Settlement Administrator will cancel or otherwise render non-payable the original Benefit Payment and reissue a new Benefit Payment to the member of the Settlement Class.

5.05    In the event that a Benefit Payment is made by check and is returned by the U.S. Postal Service as undeliverable, the Settlement Administrator will mail the Benefit Payment to the forwarding address, if any, provided by the U.S. Postal Service.  If the returned Benefit Payment does not include a forwarding address, the Settlement Administrator will provide Class Counsel with the name and address of the member of the Settlement Class for whom the Benefit Payment was returned.  Class Counsel may in its discretion, but is not required to, conduct further research into the contact information for the member of the Settlement Class for whom the Benefit Payment was returned, at Class Counsel's own expense, and may share the results of such research (including additional contact information) with the Settlement Administrator.  In the event that Class Counsel provides additional contact information to the Settlement Administrator, the Settlement Administrator will mail the Benefit Payment to the member of the Settlement Class at the address provided by Class Counsel.  Other than as set forth above, neither the Parties nor the Settlement Administrator will have any other obligation to send or resend the Benefit Payment.

5.06    For those Benefit Payments that are not negotiated within 180 calendar days of issue, the Settlement Administrator will follow the procedures of California Code of Civil

Procedure sections 1500-1582 (and the applicable implementing regulations) relating to unclaimed property.

5.07    None of the Plaintiff, Class Counsel, Defendant, or Counsel for Defendant shall be liable for any erroneous, improper, or inaccurate distribution of Benefit Payments, and the Release shall be effective and shall bind Plaintiff, Class Counsel, and every member of the Settlement Class (excepting those who submitted valid Requests For Exclusion) notwithstanding any such error and regardless of whether such error is corrected.

5.08    There shall be no interest accrued, owing, or paid on the Benefit Payments or any amount or other benefit under the Settlement, notwithstanding any judgment, principle or statute that may provide otherwise.

5.09    Notwithstanding any other provision of this Settlement Agreement, no person will be included on the Final Settlement Class Member List, and no Benefit Payment will be e-mailed or mailed to any person for whom the Settlement Administrator does not have a valid email or mailing address as of the Final Approval Date.  Any consideration not provided to a member of the Settlement Class pursuant to this paragraph will be distributed from the Net Common Fund to the other members of the Settlement Class as set forth in this Settlement Agreement.

## VI.    **RELEASE**

6.01    Subject to and effective upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiff and each member of the Settlement Class (except those who submit valid Requests For Exclusion), and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, attorneys, agents, assigns, and anyone else who claims through them or who assert claims (or could assert claims) on their behalf (including the government, including but not limited to in its capacity as *parens patriae*), and each of them (collectively and individually, the "Releasing Persons"), hereby completely release and forever discharge Code42, and its past, present, and future parents, predecessors, successors, partners, assigns, joint venturers, subsidiaries, affiliates, divisions, and each and all of their respective owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind or nature whatsoever, whether currently known or unknown, asserted or unasserted, suspected or unsuspected, open or concealed, contingent or noncontingent, that any of the Releasing Persons have, may have had, or may have in the future against any of the Released Persons under any source of law (whether federal, state, or local, and whether based upon common law or a statute or ordinance) that were asserted in the Action, that could have been asserted in the Action, or that otherwise arise out or relate to disclosures or the alleged failure to make adequate disclosures during the Class Period regarding the terms and conditions of the sale of, or the offering for sale of, or the cancellation policy that applies to, an Automatically Renewing Service or of any other product or service that has a term that renews automatically from time to time or is in effect for a continuous period until cancelled (the "Released Claims").  The Released Claims include, but are not limited to, claims that, during the Class Period, any Released Person (a) allegedly failed to obtain affirmative consent to an agreement containing automatic renewal

15

or continuous service offer terms; (b) allegedly failed to provide adequate disclosures of the automatic renewal or continuous service offer terms, or failed to present those terms clearly and conspicuously and in visual proximity to the request for consent; (c) allegedly failed to provide a post-transaction acknowledgement or receipt providing adequate disclosures of the automatic renewal or continuous service terms and the applicable cancellation policy; (d) allegedly violated the provisions of California Business and Professions Code sections 17600-17606, or any other similar federal, state, or local law or common law principle; and (e) allegedly violated the provisions of California Business and Professions Code sections 17200-17208, or any similar federal, state, or local law or common law principle, in connection with disclosures or the alleged failure to make adequate disclosures regarding the terms and conditions of the sale of, or the offering for sale of, or the cancellation policy that applies to, an Automatically Renewing Service or any other product or service that has a term that renews automatically from time to time or is in effect for a continuous period until cancelled.

      6.02    The Settlement Agreement shall be in full settlement, compromise, release, and discharge of the Released Claims, and each of them, and the Released Persons shall have no further liability or obligation to any member of the Settlement Class or any other Releasing Person with respect to the Released Claims, except as expressly provided herein.

      6.03    Plaintiff, on behalf of herself and all persons who claim through her or who assert claims (or could assert claims) on her behalf, recognizes and acknowledges that she may have claims that are currently unknown and that the Release contained in this Settlement Agreement is intended to and will (subject to and effective upon Final Approval) fully, finally, and forever release, discharge, and extinguish all Released Claims, whether currently known or unknown, asserted or unasserted, suspected or unsuspected, open or concealed, contingent or noncontingent, that now exist, or existed in the past, or may come to exist in the future.  Subject to and effective upon Final Approval, the Plaintiff and all persons who claim through her or who assert claims (or could assert claims) on her behalf hereby expressly waive and release any and all provisions, rights, and benefits conferred by California Civil Code section 1542 and by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to California Civil Code section 1542 with respect to the release of claims.  California Civil Code section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

In making this waiver of rights under California Civil Code section 1542 and under any other similar statutory or other provision of law, Plaintiff, on behalf of herself and all persons who claim through her or who assert claims (or could assert claims) on her behalf, (a) acknowledges that she and they may hereafter discover facts other than or different from those that she and they know or believe to be true with respect to the Released Claims; (b) affirms that she has taken that possibility into account in reaching and agreeing to the terms of this Settlement Agreement; and (c) desires to enter into this Settlement Agreement, and to release, discharge, and extinguish all Released Claims fully and forever, notwithstanding the potential risk (which she expressly assumes) that she might subsequently discover such different or additional facts.

6.04     Plaintiff agrees not to assert in any other action a Released Claim against a Released Person or to commence, join, or assist in any other action asserting a Released Claim against a Released Person.

## VII.     <u>REPRESENTATIONS AND WARRANTIES</u>

7.01     In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23.  Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Plaintiff, Class Counsel, and Defendant represent and warrant to each other that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant preliminary and final approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement.  This includes the obligation to (a) oppose non-meritorious objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) seek approval of this Agreement and of the Settlement by the Court; (c) move for the entry of the orders necessary to effect the Settlement; and (d) join in the motion or application for entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as required by the Court or requested by any Party, with consent not to be unreasonably withheld or delayed.

7.02     Plaintiff and Class Counsel represent and warrant that their request for an award of fees and costs shall include all attorneys' fees and litigation costs that Plaintiff, Class Counsel, and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates of Class Counsel, seek or may have any right or claim to in connection with the Action and the Released Rights.

7.03     Plaintiff and Class Counsel represent and warrant that other than Class Counsel, there are no persons (natural or legal) having any interest in any award of attorneys' fees, expenses or litigation costs in connection with the Action.  Class Counsel agrees to indemnify and hold Code42 harmless as to (a) breach of the representations and warranties contained in this paragraph; and (b) any claims by other persons or entities against Code42 for such an award of attorneys' fees and/or litigation costs.

7.04     Plaintiff represents and warrants that she has not, in whole or in part, assigned, transferred, or purported to assign or transfer to any other person or entity any of her interest in the Released Claims.

7.05     Plaintiff, Class Counsel and Defendant represent and warrant that he, she, it or they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein.  Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, or it has been fully authorized to do so by that Party, entity, or other person(s).  Plaintiff, Class Counsel and Defendant represent and warrant that he, she, it or they intend to be bound fully by the terms of this Agreement.

7.06    Plaintiff, Class Counsel, and Defendant represent and warrant that they have not, nor will they, unless expressly authorized to do so by the terms of this Agreement, (a) attempt to void this Agreement in any way; or (b) solicit or encourage in any fashion members of the Settlement Class to submit Requests For Exclusion or Objections.  Nothing herein shall prohibit Class Counsel from responding to any inquiry from a member of the Settlement Class with advice that Class Counsel deems appropriate given the individual's circumstances.

7.07    Class Counsel represent and warrant that they will not seek out or solicit former or current consumers of Code42 to pursue individual or class claims against Code42 with respect to matters within the scope of the Release.

7.08    Class Counsel represent and warrant that they do not represent any current client with any claim against any Released Person that has, as of the date of this Agreement, not been filed and served upon the Released Person.

7.09    Plaintiff and Class Counsel represent and warrant that they will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement in this Action or in any other claim, action or litigation against any Released Person (excepting only actions to enforce or construe this Agreement).  Defendant represents and warrants that it will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement, in this Action or in connection with any other claim, action or litigation against Plaintiff (excepting only actions to enforce or construe this Agreement).

7.10    Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Defendant represents and acknowledges to Plaintiff that Defendant will not oppose the Settlement or any motion or application for the Preliminary Approval Order, the Court Approval Order, and the Court Approval Judgment, provided that the Preliminary Approval Order, the Court Approval Order, and the Court Approval Judgment sought by Plaintiff and Class Counsel are consistent in all respects with the terms of this Agreement.

7.11    If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

## VIII.   MISCELLANEOUS PROVISIONS

8.01    Except as specified herein, this Agreement and the Settlement provided for herein shall not be effective until the Final Approval Date.

8.02    This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement or any action taken (or not taken) to effectuate this Agreement is intended to be an admission or concession of liability of any Party or third party or of the validity of any claim.  Defendant denies the allegations in the Action, and contends that its conduct has been lawful and proper.

8.03    This Agreement is entered into only for purposes of settlement.  In the event that Final Approval does not occur for any reason, this Agreement shall become null and void.  In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose.  In addition, in that event, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims and defenses that they had or were asserting as of the date of this Agreement.

8.04    Nothing shall prevent Plaintiff, and/or Code42 from appealing any denial by the Court of a motion or application for the Court Approval Order and/or the Court Approval Judgment, and the Parties agree that, in the event of such an appeal, the Parties will jointly request that the Court stay this case pending the resolution of any such appeal.  The Parties agree they will continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the Action is before the Court.  In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Court Approval Order.

8.05    The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against any other Party or cited or referenced by Class Counsel, Defendant, or any other person or entity in any other action or proceeding against Defendant or Plaintiff.

8.06    This Agreement shall be terminable at the option of Code42 if (a) more than five (5) percent of the members of the Settlement Class submit Requests for Exclusion; (b) the Court fails to enter the Preliminary Approval Order, the Court Approval Order, or the Court Approval Judgment, or does so in a form inconsistent with the provisions of this Agreement; (c) the Court or any other court permits a person or persons to submit Requests For Exclusion on a class or representative basis; (d) the Court fails to approve this Agreement as written and agreed to by the Parties; or (e) a Material Event occurs.  In the event a termination option arises, Code42 shall, within thirty (30) days after the occurrence of the event(s) giving rise to the termination option, provide notice to Class Counsel regarding whether Code42 is exercising its termination right.

8.07    The Agreement also shall be terminable upon the mutual agreement of the Plaintiff and Defendant.

8.08    If this Agreement is terminated pursuant to its terms, or if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered

19

by the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc*.

8.09    Plaintiff and Class Counsel shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice, Postcard Notice, Publication Notice, and/or Settlement Website; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual members of the Settlement Class (or their counsel) in one-on-one communications, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Plaintiff and Class Counsel in response to inquiries directed to them by a member of the media, provided that Plaintiff and Class Counsel refrain from making any disparaging statements about Code42 of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms  and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about Code42 of any kind whatsoever.  Any term in this paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Class Counsel.

8.10    The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendant and the Released Persons, on the one hand, and members of the Settlement Class, on the other hand, in the regular course of Defendant's and the Released Persons' businesses.

8.11    Plaintiff and Class Counsel shall not produce or provide to any governmental body or agency, administrative body or agency, regulator, board or commission, attorney general of a State, the United States Department of Justice, or any other government or law enforcement agency or body any discovery materials or other documents obtained from Defendant in the Action and/or material relating to the Action unless required to do so by law and only after reasonable notice to Code42 in advance of any production such that either or both of them may seek a court order or other relief precluding or preventing production.

8.12    This Agreement is intended to and shall be governed as a contract executed under the laws of the State of California.

8.13    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.  Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendant and Class Counsel.

8.14    This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

8.15    This Agreement shall inure to the benefit of the Released Persons and heirs, successors and assigns of each Released Person, and each and every one of the Released Persons shall be deemed to be the intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

8.16    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

8.17    This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) Code42 and/or any of the Released Persons acted illegally, improperly, or in breach of law, contract, ethics, or proper conduct; and/or (b) class certification is required or appropriate.

8.18    This Agreement shall become effective upon its execution by Plaintiff, Class Counsel, and Defendant, except for those provisions that require approval from the Court to be effective (and those provisions shall become effective upon their approval by the Court).

8.19    This Agreement may be executed in counterpart.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.20    No representations or advice regarding the tax consequences of this Agreement have been made by any Party.  The Parties further understand and agree that each Party, each Member of the Settlement Class, and Class Counsel shall be responsible for his, her, its or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

8.21    The Parties agree that any member of the Settlement Class who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may participate in the Settlement only subject to applicable bankruptcy law and procedures.  Defendant is under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such bankruptcy proceedings or any trustee or examiner appointed in such bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.  To the extent that any member of the Settlement Class is in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the Class Period and the Released Claims are or may be part of the member's bankruptcy estate and not the property of the member, the member of the Settlement Class will be obligated (a) to advise the bankruptcy trustee of this Agreement and the benefits conferred by the Agreement and Settlement, in time for the trustee to exercise any rights or object to the Settlement, (b) to comply with any direction from his, her or their bankruptcy trustee with respect to this Settlement and the benefits conferred by the Agreement and the Settlement, and (c) in the event of any disagreement with the direction

of the bankruptcy trustee, to seek relief from the appropriate bankruptcy court (without the involvement of any other party to this Agreement).

8.22    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any Automatically Renewing Service to which any member of the Settlement Class is or was a user, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, or in any other action involving a member of the Settlement Class hereto, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract, including claims under other state or federal laws regulating automatically renewing subscription; in the event this Agreement is so construed as to a particular member of the Settlement Class, it can be declared by Defendant to be null and void as to that member of the Settlement Class only (and in such latter event, the Release as to that member of the Settlement Class shall also be void). Plaintiff and the Class expressly covenant and agree, as a material inducement to Defendant, and recognizing the practical difficulties faced by Defendant in ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have Defendant or the Released Persons amend, alter, or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Benefit Payments provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

8.23    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.  In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement, and his, her or its reasonable attorneys' fees and costs incurred therein.  Further, if a member of the Settlement Class takes any action or position, after Final Approval, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order, the Court Approval Order, or the Court Approval Judgment), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and attorneys' fees against such member of the Settlement Class.

8.24    Defendant and Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGES]

22

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**PLAINTIFF:**

**Jordan Kissel**

Jordan Kissel

Date: 7|24 , 2017
*PLAINTIFF*

**PLAINTTIFF'S COUNSEL:**

**Scott J. Ferrell, Esq.**

Scott J. Ferrell, Esq.

Date: July 24th , 2017
**PACIFIC TRIAL ATTORNEYS, APC
(FORMERLY NEWPORT TRIAL
GROUP, APC)**
4100 Newport Place, Suite 800
Newport Beach, CA  92660

**DEFENDANT:**

**CODE42 SOFTWARE, INC.**

By:

Title:

Date: , 2017
*DEFENDANT*

**DEFEDANT'S COUNSEL:**

**Steven A. Ellis
Galen A. Phillips**

Steven A. Ellis, Esq.

Date: , 2017
**GOODWIN PROCTER, LLP**
601 S. Figueroa Street, 41ST Floor
Los Angeles, CA  90017

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

PLAINTIFF:                                    PLAINTTIFF'S COUNSEL:

**Jordan Kissel**                             **Scott J. Ferrell, Esq.**

_____              _____
Jordan Kissel                                 Scott J. Ferrell, Esq.

Date: _____, 2017                   Date: _____, 2017
*PLAINTIFF*                                    **PACIFIC TRIAL ATTORNEYS, APC
                                              (FORMERLY NEWPORT TRIAL
                                              GROUP, APC)**
                                              4100 Newport Place, Suite 800
                                              Newport Beach, CA  92660

DEFENDANT:                                    DEFEDANT'S COUNSEL:

**CODE42 SOFTWARE, INC.**                      **Steven A. Ellis
                                              Galen A. Phillips**

By: Joe Payne                                 _____
                                              Steven A. Ellis, Esq.

Title: President & CEO

Date: July 24 _____, 2017          Date: July 24 _____, 2017
*DEFENDANT*                                    **GOODWIN PROCTER, LLP**
                                              601 S. Figueroa Street, 41ST Floor
                                              Los Angeles, CA  90017

23

DocuSign Envelope ID: E6E36C92-24A1-4A97-B4E5-1077072BF0A3

List of Exhibits:

Exhibit A – Class Notice
Exhibit B – Postcard Notice
Exhibit C – Claim Form

EXHIBIT A

Class Notice

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you purchased an automatically renewing service from Code42 Software, Inc. at any time between November 19, 2011 and November 19, 2015, inclusive, and you are a consumer in the State and California, you could get a payment from a class action settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Code42 Software, Inc. ("Code42").

- The settlement will provide $400,000 to pay claims from California consumers, as well as the attorneys' fees and costs for the lawyers representing the consumers. Each consumer will receive approximately $6.50-$7.00 from the settlement, but the final amount could be more or less.

- The settlement resolves a lawsuit over whether Code42 complied with a California law that requires companies selling automatically renewing services to provide certain information to consumers; it avoids costs and risks to you from continuing the lawsuit; pays money to consumers like you; and releases Code42 from liability

- The two sides disagree on how much money consumers could have won if they won a trial.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you ever to be part of any other lawsuit against Code42 about the legal claims in this case. |
| Object | Write to the Court about why you don't like the settlement. |
| Go to a Hearing | Ask to speak in Court about the fairness of the settlement. |
| Do Nothing | You will get a payment and will give up your rights to sue Code42 about the claims in this case. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

# BASIC INFORMATION

1.   Why did I get this notice?

You or someone in your family may have purchased an automatically renewing service from Code42 between November 19, 2011 and November 19, 2015, inclusive.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Jordan Kissel v. Code42 Software, Inc.*, *et al.*, Case No. 8:15-cv-01936.  The person who sued is called the Plaintiff, and the company she sued is called the Defendant.

2.   What is this lawsuit about?

The lawsuit claimed that Code42 did not comply with a California law that requires companies selling automatically renewing services to provide certain information to consumers.  Code42 denied that it did anything wrong.

3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Jordan Kissel) sue on behalf of people who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Judge Josephine L. Staton is in charge of this class action.

4.   Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant.  The Plaintiff thinks she could have won at trial and obtained a greater recovery.  The Defendant thinks the Plaintiff would not have won anything from a trial.  But there was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation.  The Class Representative and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

5.   How do I know if I am part of the settlement?

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

Judge Staton decided that everyone who fits this description is a Class Member:

All consumers within the State of California who purchased any product or service from Code42 as part of an "Automatic Renewal" or "Continuous Service" plan or arrangement between November 19, 2011 and November 19, 2015, inclusive, and who were subsequently charged by and paid Code42 one or more fees for the renewal of the product or service beyond the original term.

6.   Are there exceptions to being included?

You are not a Class Member if you are an officer or director of Code42, a member of an immediate family of an officer or director of Code42, or one of their legal representatives, heirs, successors or assigns, or any entity in which they have or have had a controlling interest.

7.   I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-XXX-XXXX, or visit www.XXXXXXXXX.com for more information, or you can contact the lawyers for the Class at (949) 706-6464.

THE SETTLEMENT BENEFITS – WHAT YOU GET

8.   What does the settlement provide?

Code42 has agreed to create a $400,000 fund to pay Class Members, as well as the fees and costs of the attorneys representing the Class and the expenses of settlement administration.

In addition, in November 2015 Code42 modified the information that it provides to California consumers about its automatically renewing services.  Code42 has agreed to continue to provide this information, either in the form that Code42 has used since November 2015, or in some other form that complies with California law, for automatically renewing services that it offers to California consumers.

9.   How much will my payment be?

Your share of the fund will be approximately $7.00 - $7.50, but the final amount could be more or less.  Here's how it works:

There are approximately 36,000 Class Members.  After a payment to Class Counsel (which the Court must approve) and the expenses of settlement administration are deducted from the settlement fund, the remainder will be divided equally among all Class Members (except for those who exclude themselves from the settlement).

HOW YOU GET A PAYMENT

10. How can I get a payment?

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

If you are a Class Member and received this notice by email, a payment will be made to you automatically after the Court approves the settlement and all appeals are resolved.  If you received this notice by email, you do not have to submit a claim form in order to receive a payment.  If, however, you did not receive this notice by email, you must submit a Claim Form to receive a payment.  Claim Forms are available at xxxxxxxxxxxx.com or by calling 800-XXX-XXXX.

11. When will I get my payment?

The Court will hold a hearing on _____, to decide whether to approve the settlement.  If Judge Staton approves the settlement, after that there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

12. What am I giving up to stay in the Class and get a payment?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Code42 about the legal issues in *this* case.  It also means that all of the Court's orders will apply to you and legally bind you.

EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Code42, on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself – or is sometimes referred to as "opting out" of the Class.

13. How do I get out of the settlement?

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in *Kissel v. Code42*.  Be sure to include your full name, the email address associated with your Code42 account, your current mailing address, and your telephone number.  Also be sure to sign your request for exclusion.

You must mail your exclusion request postmarked no later than _____ to:

Kissel v. Code42 Exclusions
P.O. Box _____
_____

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement or certification of the Class.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Code42 in the future.

14. If I don't exclude myself, can I sue Code42 for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Code42 for the claims that this settlement resolves.  If you have a pending lawsuit speak to your lawyer in that case

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____.

### 15. If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, you will not receive a payment from the settlement of this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Code42.

### THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court approved the request of the law firm of Pacific Trial Attorneys of Newport Beach, California to represent you and the other Class Members.  These lawyers are called Class Counsel.  These lawyers will be paid from the settlement fund; you will not otherwise be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class counsel will ask the Court to approve payment from the settlement fund of up to $100,000 for attorneys' fees and expenses and payment of $2,500 to Jordan Kissel for her services as Class Representative.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  Code42 has agreed not to oppose these fees and expenses.  The costs of settlement administration will also be paid from the settlement fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the certification of the class, the settlement, or some part of it.

### 18. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to certification of the class or to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not certify the Class or approve the settlement.  The Court will consider your views.  To object, you must send a letter or other written statement saying that you object in *Kissel v. Code42* and the reasons you object to the settlement.  Be sure to include your full name, the email address associated with your Code42 account, your current mailing address, and your telephone number.  Also be sure to sign your request for exclusion.  You may also include or attach any documents that you would like the Court to consider.  Mail the objection to these three different places postmarked no later than _____:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court | Scott Ferrell | Steven Ellis |
| United States District Court | Pacific Trial Attorneys | Goodwin Procter LLP |
| for the Central District of | 4100 Newport Place Drive | 601 South Figueroa Street |

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

California                  Suite 800                    Suite 4100
411 West Fourth Street      Newport Beach, CA 92660       Los Angeles, CA 90017
Santa Ana, CA 92701

19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about certification of the class or about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at ____ am/pm on _____, at the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California 92701, in Courtroom 10A on the 10th Floor. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Staton will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

21. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Staton may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Kissel v. Code42*." Be sure to include your name, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 18. You cannot speak at the hearing if you excluded yourself.

IF YOU DO NOTHING

23. What happens if I do nothing at all?

If you do nothing and you received this notice by email, you will receive payment after the Court approves the settlement and all appeals are resolved. This may take some time. Please be

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

patient.  Please also keep in mind that if you do not exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Code42 about the legal issues in this case, ever again.

GETTING MORE INFORMATION

24. How do I get more information about the settlement?

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement, more information about the settlement, and information about the current status of the court proceedings by visiting _____.com or by writing to Scott Ferrell, Pacific Trial Attorneys, 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

Please do <u>not</u> contact the Court, the judge, or the Defendant Code42 with questions about the settlement.

# EXHIBIT B

Postcard Notice

<u>LEGAL NOTICE</u>

## If you purchased an automatically renewing service from Code42 Software, Inc., you could get a payment from a class action settlement

| | |
|---|---|
| You have been identified as a potential member of the Settlement Class in a lawsuit, and you may be entitled to receive a cash payment in connection with the settlement of that lawsuit. The lawsuit alleges that Code42 did not comply with a California law that requires companies selling automatically renewing services to provide certain information to consumers. Code42 denies all of the claims, but the parties have decided to settle rather than go to trial. Members of the Settlement Class have legal rights and options, and you may need to take action to protect your rights. | **SETTLEMENT BENEFITS**<br><br>Code42 has established a $400,000 settlement fund to pay Class Members, Class Counsel, and the costs of administration of the settlement. Payments to Settlement Class Members are estimated to be approximately $7.00 - $7.50 per person, but may be less or more depending upon a variety of factors. |
| **WHO IS INCLUDED**<br><br>The Settlement Class includes California consumers who purchased any product or service from Code42 as part of an "Automatic Renewal" or "Continuous Service" plan or arrangement between November 19, 2011 and November 19, 2015, inclusive,  and who were subsequently charged by and paid Code42 one or more fees for the renewal of the product or service beyond the original term. | **MORE INFORMATION**<br><br>If you are a class member and have received this postcard, you must take action to receive a payment and otherwise to protect your rights. Call XXX-XXX-XXXX or visit _____.com to request a Class Action Notice and a Claim Form, or to obtain other information about the settlement.<br><br>If you do not want to be legally bound by the settlement, you must exclude yourself by _____.  If you stay in the settlement, you may object by _____.  The Court will hold a hearing on _____ to consider the settlement.  More information about excluding yourself from the settlement or objecting is in the Class Action Notice. |

www._____.com                    1-XXX-XXX-XXXX

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM

Notice Administrator for U.S. District Court
P.O. Box _____
_____

**Legal Notice about a class action settlement**

EXHIBIT C

Postcard Notice

## KISSEL V. CODE42 CLAIM FORM

This claim form is provided for persons who believe that they are or may be Settlement Class Members in the Kissel v. Code42 lawsuit.  Please provide all information requested below and submit this form to Kissel Settlement Administrator, _____, _____ by no later than _____.

_____

Full Legal Name

_____  _____  _____  _____

Current Mailing Address                     City                              State    Zip

_____     _____

Current email address                         Current Telephone Number

_____     _____

Email address(es) used with your Code42 account          Code 42 account number (if known)

1.  What was the approximate date that you initially purchased an automatically renewing product or service from Code42:  _____

2.  In what state were you living when you initially purchased an automatically renewing product or service from Code42:  _____

3.  Did you use the automatically renewing Code42 product or service for personal, family, or household purposes (please circle one)?

Yes              No

4.  Did you pay at least one time for an automatic renewal of your Code42 product or service (please circle one)?

Yes              No

5.  What was the approximate date that you first paid for an automatic renewal of your Code 42 product or service?  _____

I hereby state that the information provided above is true and accurate to the best of my knowledge.

_____          _____

Signature                                                          Date

QUESTIONS?  CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW.XXXXXXXXXXX.COM